*Ex parte* BROWN.

No. 44.   Opinion Filed March 18, 1908.

(94 Pac. 556.)

JURISDICTION—Venue—No Prosecution before Statehood. Where an indictment for the crime of assault with intent to kill with a deadly weapon was returned after the admission of the state into the Union for an offense committed under the territory of Oklahoma, where no prosecution had been begun before said date, it is cognizable in the district court of the state in the county in which the offense was committed.

(Syllabus by the Court.)

Application by Ira Brown for writ of *habeas corpus.* Denied.

*Thos. H. Doyle,* for relator.

*Charles West, Atty. Gen.,* and *W. C. Reeves,* for respondent.

WILLIAMS, C. J. In the Month of December, 1907, after the admission of the state into the Union, a grand jury of Kay county, state of Oklahoma, formerly a county under the territory of Oklahoma, returned into the district court thereof an indictment charging relator with the crime of asault with intent to kill by means of a deadly weapon, alleging that said crime was committed under the territory of Oklahoma and prior to the admission of the state into the Union, laying the venue in Kay county, said indictment being in proper form. Thereafter said relator was duly arraigned and tried before a jury of said court, and a verdict of guilty returned as charged in said indictment, and sentence pronounced.

On the 22d day of January, 1908, said relator filed in this court his petition for writ of *habeas corpus,* alleging that he was unlawfully restrained by the sheriff of said county of his liberty,

and, further that the offense for which he stood indicted was committed, if at all, under the territory of Oklahoma and prior to the admision of said state into the Union, and that the government of the United States had not given its consent to the state of Oklahoma, or any consent, whereby or whereunder he could be indicted or prosecuted under the authority of the said state for said offense if committed, and, further, that said state had not consented to receive and had not accepted or assumed the right to so prosecute him for such offense as alleged in said indictment. A writ of *habeas corpus* was issued out of this court on said date, returnable on the 25th day or said month, and the sheriff of said county made a return thereon showing that he held said relator in his custody as such sheriff by virtue of a commitment on said judgment and sentence issued by the district court of the state of Oklahoma for said county. The relator demurred to said return.

In the case of *Ex parte Bailey* (decided at this term of court and reported in this volume), 94 Pac. 553, it was held by this court that where an indictment for the crime of murder returned after the admission of the state into the Union for an offense committed under the territory of Oklahoma, where no prosecution whatever had been begun before said date, the district court of the state in the county in which the offense was committed had jurisdiction. That case controls this case.

The relator is remanded to the custody of the sheriff of Kay county, with instructions to carry out the sentence of said court. Writ of *habeas corpus* is denied.

All the Justices concur.