## *Ex parte* CURLEE.

No. 28.    Opinion Filed April .27, 1908.

(95 Pac. 414.)

**CRIMINAL LAW—Jurisdiction—Venue—Offense Antedating Statehood.**
Where an indictment for the crime of embezzlement—an offense committed under the laws in force in the Indian Territory—is returned after the admission of the state into the Union, no prosecution whatever having been begun prior to the admission of the state into the Union, except the filing of a complaint with the United States Commissioner and the issuance of a warrant and the apprehension of the prisoner, said offense is cognizable in the district court of the state in the county in which the offense was committed.

(Syllabus by the Court.)

Application of J. W. Curlee for a writ of *habeas corpus*. Writ denied.

On the 26th day of December, 1907, relator filed his petition with the clerk of this court praying for a writ of *habeas corpus,* alleging that he was unlawfully imprisoned and restrained of his liberty by George B. Noble, sheriff of Le Flore county, Okla. The writ was issued returnable on the 11th day of January, A. D. 1908.    Said respondent made return to said writ as follows:

"The above defendant, J. W. Curlee, is detained by George B. Noble, as sheriff of said county, by virtue of a warrant of commitment charging him with the crime of embezzlement committed on or about the 1st day of September, 1907, which said warrant was issued by John R. Pollan, United States commissioner for the Central district of the Indian Territory, on or about the 9th day of November, A. D. 1907; and on the 11th day of January, A. D. 1908, it was stipulated as a matter of record that the said relator is charged with having embezzled from the Pioneer Telephone Company, in September, 1907, the sum of $293, at Spiro, then Indian Territory, now Le Flore county, state of Oklahoma. That relator was arrested upon said charge upon a warrant regu-

larly issued by John R. Pollan, United States commissioner, on November 7, 1907, and upon preliminary hearing before said commissioner on the same day was held to await the action of the grand jury, and committed to jail at McAlester in default of bond."

Thereafter, on the 7th day of December, 1907, said relator was delivered by the United States marshal of the Eastern district of the state into the custody of the respondent, as sheriff of Le Flore county, state of Oklahoma. That on December 14, 1907, at the December term of the district court in and for Le Flore county, the grand jury returned an indictment against said relator, charging him with said offense. That since his delivery to the said George B. Noble, as sheriff, up to the present time, relator has been detained, and is in his custody on said charge.

*Day & Du Bois,* for relator.

*Chas. West, Atty. Gen.,* and *W. C. Reeves, Asst. Atty. Gen.* for respondent.

WILLIAMS, C. J. (after stating the facts as above.)   We have decided at this term of court in the case of *Ex parte Buchanen,* 94 Pac. 943, that an indictment for the crime of manslaughter —an offense committed in the Indian Territory prior to its admission into the Union, and returned after such time, where no prosecution whatever had been begun before such date of admission—is cognizable in the district court of the state in the county in which the offense was committed.   See, also, *Ex parte Bailey,* 20 Okla. 497, 94 Pac. 553; *Ex parte Brown,* 20 Okla. 505, 94 Pac. 556; *Higgins v. Brown,* 20 Okla. 355, 94 Pac. 703.

The relator is prosecuted under section 1638, Mansfield's Digest of the Statutes of Arkansas, which were extended to and put in force in the Indian Territory by section 4 of an act of Congress approved March 1, 1895 (28 U. S. Stat. c. 145, p. 693); also section 33 of an act of Congress approved May 2, 1890 (26 U. S. Stat. c. 182, p. 81.)

In the case of *Merchant's National Bank of Bismarck v.*

Vol. 20—13

*Braithwaite,* 7 N. D. 358, 75 N. W. 246, 66 Am. St. Rep. 653, the court says:

"Considering the provisions of the enabling act in connection with the failure of Congress to vest jurisdiction over territorial judgments in the federal courts, and the fact that Congress in passing the act must have contemplated that the state Constitution would create state courts having jurisdiction similar to that possessed by the territorial courts, and that these would be the better fitted to enforce judgments throughout the different counties in the state, we must infer an implied assent by Congress that jurisdiction over sases not pending should vest in state courts exclusively. Otherwise we must assume that those cases were to be left without any court possessing jurisdiction over them for any purpose whatever, for it is clear that no jurisdiction over them is vested by the enabling act in the federal courts."

In line with this decision cases, not of a federal character, not pending, involving offenses committed prior to the admission of the state into the Union, should vest in the state courts. Of course, non-pending actions of a federal character would necessarily vest in the United States courts in the state erected out of said territories just as they do in United States courts in the other states. We had not found this case at the time the opinion was written in the case of *Ex parte Buchanen,* with which it is in harmony. The provisions of the Oklahoma enabling act being substantially those as contained in the enabling act for North and South Dakota, it is presumed that Congress in adopting the same for Oklahoma did it with a view of the construction that had been had thereon in North Dakota.

Under the authority of the Buchanen Case, which is supported by the case just cited from North Dakota, the writ of *habeas corpus* is denied.

All the Justices concur.