## WILLIAM BAKER *et al.* v. STATE.

### No. 115, Opinion Filed December 1, 1909.

#### (105 Pac. 379.)

1. **COURTS—Admission of Territory—Jurisdiction of Old Offenses.**
   The defendants were indicted in the district court of Pittsburg county, after the admission of the state into the Union, charged with the crime of assault with deadly weapons prior to statehood. By proper order the case was transferred to the county court for trial. **Held,** the county court had jurisdiction to try the case, and, on conviction, to render judgment against the defendants.

2. **INDICTMENT AND INFORMATION — Form—Indictment Returned After Statehood.** The indictment should conclude "against the peace and dignity of the state," where the indictment is returned since statehood, alleging a crime committed prior to statehood.

3. **TRIAL—Harmless Error — Verdict Fixing Punishment.** Where the jury, without authority of law, fixes the punishment, and the court. in passing sentence, assesses the punishment fixed by the jury, the verdict will not be set aside unless it is made to appear that the punishment is excessive, or that the court would have fixed a lighter punishment than that fixed by the jury:

   (Syllabus by the Court.)

*Error from District Court, Pittsburg County; R. W. Higgins, Judge.*

William Baker and another were convicted of simple assault, and they bring error. Affirmed.

Plaintiffs in error, hereafter referred to as "defendants," were indicted in the district court of Pittsburg county, at the January term, 1908, charged with having committed an assault on H. R. Stile with deadly weapons on the 5th day of July, 1907. The case was transferred to the county court of Pittsburg county. Defendants filed a motion to quash the indictment, which was overruled, and then a demurrer to the indictment, which was overruled, and exceptions saved. The case was tried to a jury. The defendants were convicted of the crime of simple assault, and

the jury assessed a fine of $15 against each defendant. The case is before this court on case-made.

*Wallace Wilkinson,* for plaintiffs in error.

*Chas. West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for the State.

OWEN, JUDGE (after stating the facts as above). The petition in error and the brief filed by counsel for defendants present three questions only: First, the question of the jurisdiction of the court to try the case; second, the validity of the indictment; and, third, that the jury assessed the punishment, and not the court.

The indictment in this case alleges that the offense was committed on the 5th day of July, 1907, which was prior to statehood. The indictment was returned at the January term, 1908, after statehood, and concludes "against the peace and dignity of the state." Counsel urge that the trial court was without jurisdiction for the reason that all penal laws in force in the Indian Territory were repealed upon the admission of the state into the Union, except those that were saved by appropriate legislation, and that the clause saves the old law in certain cases only; that is, the cases pending in the United States courts in the Indian Territory at the time of the admission of the state into the Union. This question has been presented to this court and was presented to the Supreme Court of the state before this court was created. In the cases of *Ex parte Buchanan,* 1 Okla. Cr. 135, 94 Pac. 943, *Ex parte Curlee,* 1 Okla. Cr. 145, 95 Pac. 414, *Ex parte Bailey,* 20 Okla. 497, 94 Pac. 553, and *Ex parte Brown,* 20 Okla. 505, 95 Pac. 556, the Supreme Court held contrary to the contention of the counsel on this proposition. In the case of *Faggard v. State, ante,* p. 159, 104 Pac. 930, this court held that the district courts of this state had jurisdiction of offenses committed prior to statehood, where the indictment was found after statehood. We deem it unnecessary here to do more than cite these cases with approval, and the authorities cited therein.

As to the second proposition, counsel insist that because the

offense was not committed within the state of Oklahoma, nor within Pittsburg county, that this indictment should have alleged that this offense was committed within the South McAlester division of the Central district of the Indian Territory, and should have concluded "against the then existing laws of the United States." This court, in the case of *Faggard v. State, supra,* in passing on this question, said:

"It is next urged that the court was without jurisdiction for the reason that the indictment was in the name of the state of Oklahoma, and concluded with the words 'against the peace and dignity of the state.' The Constitution of the state (article 7, § 19; sec. 192, Bunn's Ed.) is as follows: 'The style of all writs and processes shall be "The State of Oklahoma." All prosecutions shall be carried on in the name and by the authority of the state of Oklahoma. All indictments, informations, and complaints shall conclude, "against the peace and dignity of the state." ' Under this section the form of the indictment is proper. The indictment contains an allegation that the acts complained of were contrary to the form of the statute in such cases made and provided. This means against the statute in force at the time the offense was committed. The defendant was certainly not deprived of any substantial protection by reason of the form of the pleading, and the district court of Pittsburg county had jurisdiction of the case, and we deem it unnecessary to do more than cite the authorities in which the same question has been disposed of. *Ex parte Lyda Howland, ante,* p. 142, 104 Pac. 927; *Ex parte Curlee,* 20 Okla. 192, 95 Pac. 414, and authorities cited."

The conclusions and reasons given in that case are here approved.

Under the third proposition, counsel urge that it has been uniformly held by the courts of the new state that the old Arkansas laws prohibiting crimes should be applied in a prosecution of cases where the offense was committed prior to statehood, but the procedure of Oklahoma should be followed, citing section 5573, Wilson's Rev. & Ann. St. 1903, which provides that the court must assess the punishment. The case-made before us does not contain the instructions of the court or those requested by defendants. The first indication that the defendant objected to the jury fixing the punishment is in the motion for new trial. This court

held, in the cases of *Sharp v. State, ante,* p. 24, 104. Pac. 71, and *Faggard v. State, supra,* that a defendant charged with the commission of a crime is entitled to be tried and dealt with under the laws as they existed at the time of the alleged commission of the offense of which he stands charged; and, the offense in this case having been committed prior to statehood, the trial should have been under the procedure in force at the time of the commission of the offense. Of course, the defendants could waive that right, and by their silence consent to be tried under the Oklahoma procedure. The instructions not appearing in the case-made, we are unable to determine whether the court instructed the jury to fix the punishment, or whether the jury did it without instruction. Section 2283, Mansf. Dig. St. Ark. (section 1626, Ind. T. Ann. St. 1899), is as follows:

"A general verdict is either 'guilty' or 'not guilty'; if guilty, the jury affixing the punishment, if the amount thereof is not determined by law."

If this case was being tried under the Arkansas procedure, then it was proper for the jury to fix the punishment; but admitting, for argument's sake, that it was tried under the Oklahoma procedure, under the statute in force at that time requiring the court to fix the punishment, did the fixing of the punishment at a fine of $15 each in this case prejudice the defendants, or deprive them of any substantial right?

Section 1564, Mansf. Dig. St. Ark. (section 907, Ind. T. Ann. St. 1899), was in force in the Indian Territory at the time of the commission of the offense in this case, and is the section under which the defendants must be punished. That section provides:

"Simple assault, unattended with any apparent design to commit homicide or felony, shall, upon the conviction of any person thereof, be punished by fine, not exceeding one hundred dollars."

The jury in this case, under that statute, might have fined each of the defendants $100; but the fine assessed was $15 each. Then it cannot be said that the punishment was excessive. If this case was tried under the Oklahoma procedure, the fixing of the

punishment by the jury would have no binding effect upon the court. It might be considered as a recommendation to the court as to what the punishment should be. If the court saw fit to follow the recommendation of the jury and fix the punishment at a fine of $15, when, under the law, he could have fixed it at $100, certainly the defendants cannot be heard to complain. There is no contention made that the evidence did not support the verdict, or that the verdict was excessive. The judgment against the defendants was rendered by the court. Under the Arkansas procedure the court must render the judgment in the amount fixed by the jury. Under the Oklahoma procedure, in force at that time, the court determines the amount of the fine, and the mere fact that he followed the suggestion of the jury in this case certainly did not prejudice the rights of the defendants. The same question here was presented to this court in the case of *Chandler v. State,* ante, p. 254, 105 Pac. 375, and the holding in that case is in harmony with our views here expressed.

The judgment of the lower court is affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.