## FRANK HAIKEY v. STATE.

### No. A-122.  Opinion Filed December 7, 1909.

### (105 Pac 313.)

**VENUE—Change of Venue—Transmission of Indictment—Harmless Error.** The defendant was indicted prior to statehood in the United States Court for the Western District of Indian Territory, sitting at Tulsa. On defendant's application the case was transferred to the United States Court for the Western District of Indian Territory, sitting at Sapulpa. The clerk of the court at Tulsa, who was also the clerk of the court sitting at Sapulpa failed to affix his official seal to the transcript of the proceedings which was transmitted with the original indictment to the court at Sapulpa. **Held.** the failure to affix his official seal to the transcript did not prejudice the substantial rights of the defendant.

(Syllabus by the Court.)

*Error from District Court, Creek County; John Caruthers, Judge.*

Frank Haikey was convicted of murder, and he brings error. Affirmed.

The plaintiff in error was indicted on the 13th day of February, 1907, in the United States Court for the Western District of the Indian Territory, sitting at Tulsa, charged with the crime of murder. On the 18th day of September, 1907, the defendant filed with the clerk of said court an affidavit for change of venue, and thereupon on the same day the petition was granted, and the cause transferred to the United States Court for the Western District of Indian Territory, sitting at Sapulpa. After statehood, and on May 25th, 1908, the case was tried to a jury; the defendant convicted, and sentenced to imprisonment for life. A motion for new trial was filed and overruled, and exceptions saved. A motion in arrest of judgment was filed, overruled, and exceptions saved. The case is here on case-made.

*W. J. Crump* and *Robertson & Kean,* for plaintiff in error.

*Charles West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for the State, citing: Wilson's Rev. & Ann. St. 1903, § 4755; *State v. Cover,* 69 Kan. 382; 12 Cyc. 251-253, and cases cited; *Williams v. State,* (Ark.) 16 S. W. 816; *In re Terrill,* 144 Fed. 616.

OWEN, JUDGE (after stating the facts as above). The only question presented to this court, and the only reason urged for reversing the case, is that the clerk of the United States Court for the Western District of the Indian Territory failed to affix his seal to his certificate of the transcript of the proceedings had in the court at Tulsa. Counsel urge that because of the failure of the clerk to attach his official seal, the court at Sapulpa did not acquire jurisdiction of the case. In support of their contention counsel rely on the case of *Hudley v. State,* 36 Ark. 237. In that case the defendant was indicted in Desha county, charged with murder. The venue was changed to Jefferson county. The clerk neglected to attach his seal to the transcript of the record. The defendant was convicted and sentenced to death, and the Supreme Court of Arkan-

sas held that the transcript was not authentic without the seal, and reversed the case.

This case would be controlling on this court, and we would cheerfully follow the rule announced there, if the facts were similar. That case was transferred from one court to another; from one county to another; from one clerk to another. The case at bar was transferred from the United States Court for the Western District, sitting at Tulsa, to the same court for the same district, sitting at Sapulpa.

The purpose of the seal is to authenticate the record. Under the practice in Arkansas, and as decided in the case of *Pleasant v. State,* 15 Ark. 634, the original indictment remains in the court where it is preferred, and the defendant is tried in the court to which the case is removed on a certified copy. The court to which the case is removed will not take judicial knowledge of the name of the clerk of the county from which the case came. The clerk is the keeper of the seal, and it is the imprint of the seal which gives the court to which the case is removed proof that the purported copy is authentic. In the case at bar the clerk transmitted the original indictment and all papers filed with the court at Tulsa and a transcript of the proceedings had in that court. They were transmitted to the same court sitting at Sapulpa. The clerk of the court at Sapulpa was the clerk of the court at Tulsa. It was not necessary that the seal be attached to authenticate the papers, or the transcript of the proceedings. The court would take judicial knowledge of the proceedings had in the same court sitting at a different place. He would also take judicial knowledge of the fact that the clerk of the court sitting at Sapulpa was the clerk of the same court sitting at Tulsa. The record in this case discloses that the failure of the clerk to attach the seal was called to the attention of the court after a jury was impaneled and sworn and the first witness called, but before any testimony or evidence was given. The case was continued to the following day, and in the meantime the clerk attached his seal to the transcript of the proceedings of the court had at Tulsa. In our opinion this cured

3 Cr.—19

whatever defect there might have been by the failure to attach the seal in the first instance. If the transcript of the proceedings had in the court at Tulsa was not full and correct, and the omission was calculated to prejudice the rights of the defendant, the proper remedy would have been for a rule on the clerk to correct his transcript and supply the omission, or move to have the record certified on certiorari. In the case of *Williams v. State* (decided by the Supreme Court of Arkansas June 27, 1907) 16 S. W. 816, it appears that the defendant was indicted in one county, charged with murder, and the venue changed to another county for trial, and that he objected to being tried for the reason that the tran. script was defective. The syllabus in that case is as follows:

"Where on a change of venue one claims that a transcript is defective, his remedy is to apply to the court for a rule against the clerk to correct the same, or move to have the record certified on certiorari, and a mere exception taken is not effective on appeal."

Under the decisions of this court and the decisions of the Supreme Court of the state, the district court of Creek county, state of Oklahoma, sitting at Sapulpa, is the legal successor of the United States Court sitting at Sapulpa, and the district court of the state would have the same jurisdction in this case that had been acquired by the United States Court sitting at Sapulpa prior to the admission of the state into the Union. *Ex parte Buchanen.* 1 Okla. Cr. 135, 94 Pac. 943; *Ex parte Ourlee,* 1 Okla. Cr. 145, 95 Pac. 414; *Ex parte Lydia Howland, ante,* p. 142, 104 Pac. 927; *Faggard v. State, ante,* p. 159, 104 Pac. 930.

Section 2297, Mansf. Dig. Ark. (Ind. T. Ann. St. 1899, § 1640), in force at the time the defendant was indicted, provides that a new trial may be granted when a verdict is rendered against the defendant by which his substantial rights have been prejudiced. Section 2454 of the same statutes (Ind. T. Ann. St. 1899, § 1797) provides that a judgment of conviction shall only be reversed on errors of law to the defendant's prejudice appearing upon the record. The failure of the clerk to attach the seal to his transcript when there was no contention made that the transcript was not full or complete, and when the defendant was to be tried

on the original indictment returned, and in the same court in which the indictment was returned, but at a different place of holding the same court, did not prejudice the substantial rights of the defendant.

The judgment of the trial court is affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.