## BARNES v. AMERICAN SODA FOUNTAIN CO.

No. 1581.   Opinion Filed February 6, 1912.

(121 Pac. 250.)

1.   INFANTS—Contracts—Ratification. In order to recover, in an action begun since statehood, on notes given by a minor in the Indian Territory in 1904, but who, at the time suit was begun, which was prior to statehood, had arrived at full age, it is necessary to prove that the maker had, since arriving at full age, made some promise, or had in some way ratified his contract, and such promise or ratification, to be binding on him, must, according to section 3384, c. 68, Mansf. Dig. Ark., have been in writing.

2.   CONTRACTS—What Law Governs—Contracts of Infant. In such case section 3384, c. 68, Mansf. Dig. Ark., which was in force in the Indian Territory at the time the contract was made, fixed the rights and liabilities of the parties.

3.   STATUTES—Pleading—Necessity. In this case it was unnecessary for defendant to plead and prove the statutes of Arkansas. The provisions of the Schedule of the Constitution of the state required the court to take judicial notice of the same.

(Syllabus by Robertson, C.)

*Error from Tulsa County Court;*
*N. J. Gubser, Judge.*

Action by the American Soda Fountain Company against W. I. Barnes for money due on promissory notes. Judgment for plaintiff, and defendant brings error. Reversed.

*Ramsdale & Brown,* for plaintiff in error.

*Hulette F. Aby, Wm. F. Tucker,* and *Andrew G. Bradley,* for defendant in error.

Opinion by ROBERTSON, C. ·This is an appeal from a judgment entered January 24, 1910, in the county court of Tulsa county, in favor of the defendant in error and against plaintiff in error. Said judgment was entered on certain promissory notes, given by the plaintiff in error, in payment of a soda fountain, and were made, executed, and delivered on March 1, 1904, at Francis, in the then Indian Territory, by W. I. Barnes, plaintiff in error, who was then a minor of the age of nineteen years. None of the notes were paid at the time suit was instituted, September 1, 1909. Plaintiff in error attained his majority in March, 1905. In his answer he admits the execution of the notes sued on, but says he was under the age of 21 years at the time of their execution, and that the same were void by reason of his minority, and that he has never, since the execution of the same, ratified or in any way confirmed the execution or delivery of the said notes, in writing; that in the spring, immediately after the execution and delivery of the alleged notes, he notified the defendant in error that he had rescinded his contract of purchase and offered and agreed to surrender the said soda fountain, which the defendant in error refused to accept; and further charged that in 1904 he again offered to surrender the said soda fountain to the said defendant in error, and also in 1908; and also the fountain had been turned over to one W. E. Fox; and that the same is now, and has been for a long time, at the disposal of the said defendant in error, its agents, servants, and employees, and has not been used by this plaintiff

in error since the summer of 1904. Trial was had to the court without a jury, and judgment was rendered against Barnes and in favor of the American Soda Fountain Company, and from this judgment Barnes appeals.

The only question in this case, as contended by plaintiff in error, requiring consideration, is whether or not an infant's contract, under the facts of the case and the law applicable, is binding, after he reaches his majority, without being ratified or affirmed. But we think the real question is whether or not plaintiff in error ratified, in writing, the contract sued on, after he arrived at full age. If he did, then the judgment must be affirmed; if not, then it cannot stand. Plaintiff in error relies upon the provisions of section 3384, c. 68, Mansf. Dig. Ark., which was in force in that part of the state where the notes were executed in March, 1904, which reads as follows:

"No action shall be maintained whereby to charge any person upon any promise made after full age, to pay any debt contracted during infancy, unless such promise or ratification shall be made by some writing and signed by the party charged therewith."

Defendant in error contends that there are two cogent reasons why this statute does not apply to the case at bar; the first being that it is inapplicable for that it is not sought to charge the defendant upon any promise made after full age to pay any debt contracted during infancy, and for the further reason that, even though it did, the plaintiff in error, if he desired to rely upon this statute, should plead and prove it. It will be observed, however, that the first reason assigned is not as broad as the statute, which says that "no action shall be maintained whereby to charge any person upon any promise made after full age, to pay any debt contracted during infancy, unless such promise or ratification shall be made by some writing," etc. Defendant in error recovered in the court below on the theory that the plaintiff in error had, after arriving at full age, *ratified* the contract; but it failed to show that such ratification *"was made by some writing and signed by the party to be charged therewith."* It was essential to a recovery that such be done. Nor

can we agree with the contention of counsel for the defendant in error that the plaintiff in error, to avail himself of such statute, should plead and prove the same. The contract sued on was made prior to statehood, at Francis, in Indian Territory; but defendant became of age prior to statehood, and the rights of the parties thereto were fixed by the law in force at that place, at the time of the execution of the contract, which, as has been seen, was chapter 68, Mansf. Dig. of Ark.

Section 1 of the Schedule of the Constitution of the state of Oklahoma provides that:

"No existing rights, actions, suits, proceedings, contracts, or claims shall be affected by the change in the form of government, but all shall continue as if no change in the form of government had taken place," etc.

Hence it was unnecessary for plaintiff in error to plead the statute in the court below in order to obtain its benefits. The question of pleading foreign statutes has no place in the trial of this cause for the reason that the statutes of Arkansas, prior to the adoption of the Constitution, were applicable to the contract sued on, and by virtue of section 1 of the Schedule of the Constitution, *supra,* remained in full force so far as said contract was concerned, and controls the case now.

Therefore it becomes apparent that the judgment of the county court of Tulsa county was erroneous, and, for the reasons above given, the same should be reversed.

By the Court: It is so ordered.