## GUTHRIE v. MITCHELL *et vir*.

No. 2636. Opinion Filed April 29, 1913.

(131 Pac. 138.)

1. **APPEAL AND ERROR—Objection Below—Misjoinder of Parties.** The question of misjoinder of parties plaintiff not having been raised in the trial court cannot be raised for the first time on review in this court.

2. **WITNESSES—Competency—Husband and Wife.** The husband or wife is competent to testify for or against the other "when they are joint parties and have a joint interest in the action."

   (a) It is essential not only that they be joint parties, but also that they have a joint interest in the action.

3. **APPEAL AND ERROR—Witnesses—Competency of Witnesses —Husband and Wife—Agency—Harmless Error.** Section 5842, Comp. Laws 1909 (Rev. Laws 1910, sec. 5050), provides that the husband and wife are competent to testify for or against each other concerning transactions in which one acted as agent of the other. Held, that where the plaintiff, a married woman, sued for the rents and profits from a certain tract of land belonging to her, which cause of action arose prior to her marriage, she was not entitled to have her husband measure said land, and then testify in her behalf as to the number of acres ascertained by such measurements.

   (a) Incompetent evidence having been admitted as to the number of acres in cultivation, the same fact also being testified to by another witness in behalf of the same party in such manner as to render it competent, and the evidence on behalf of the opposite party raising a sharp issue as to such matters, the erroneous admission of said evidence cannot be held to constitute harmless error.

4. **EVIDENCE—Judicial Notice—Statutes.** The courts of the state of Oklahoma take judicial knowledge of the laws in force at the time of the erection of the state in the Indian Territory by virtue of acts of Congress.

5.    **PARENT AND CHILD**—Property of Child—**Rents and Profits.** Section 3465, Mansf. Dig. Ark. (sec. 2361, Ind. Ter. Ann. St. 1899), providing that the father while living shall be the natural guardian of his minor children, and when their estate is not derived from him shall give security and account as other guardians, and section 3477, Mansf. Dig. of Ark. (section 2373, Ind. Ter. Ann. St. 1899), providing that where a minor is possessed of an estate not derived from the natural guardian, a curator may be appointed for its management, do not abrogate the common-law rule requiring the father to account for the rents and profits of any property which she may have derived from him, and of which he retains possession during her minority.

(Syllabus by the Court.)

*Error from District Court, Garvin County;*
*R. McMillan, Judge.*

Action by Susie Mitchell and husband against W. M. Guthrie. Judgment for plaintiffs, and defendant brings error. Reversed and remanded, with instructions.

*O. W. Patchell* and *Marion Henderson,* for plaintiff in error.

*Robert T. Jones,* for defendants in error.

WILLIAMS, J.    This proceeding in error is to review the judgment rendered in an action wherein the defendant in error, Susie Mitchell, joined by her husband, J. F. Mitchell, as plaintiffs, sued the plaintiff in error, W. M. Guthrie, her father, as defendant, for the recovery of rents and profits alleged to have been received by him while she was a minor and in his custody and care from certain lands allotted to her as a member of the Choctaw Tribe of Indians. The parties will hereafter be referred to in the manner in which they appeared in the lower court.

1. No objection was made in the trial court that there was a misjoinder of parties plaintiff and such question cannot be raised for the first time in this court. *Choctaw & Oklahoma R. Co. v. Burgess,* 21 Okla. 653, 97 Pac. 271; *Kansas City, M. & O. R. Co. v. Shutt,* 24 Okla. 96, 104 Pac. 51, 139 Am. St. Rep. 870, 20 Ann. Cas. 255; *Railway Co. v.*

*Amos,* 54 Ark. 159, 15 S. W. 362; *Hackett et vir. v. Bonnell et al.,* 16 Wis. 471.

The husband or wife is competent to testify for or against the other "when they are joint parties and have a joint interest in the action." Here they are joint parties, but have no joint interest in the action. A compliance with both conditions seems to be essential. *West & Russell v. Rawdon et ux.,* 33 Okla. 399, 130 Pac. 1160.

2. The husband was permitted to testify, over objections, that he knew the number of acres that were in cultivation, having had it surveyed by the county surveyor after their marriage, and also having cultivated it one year; that there were 93 acres in cultivation. He also testified that it was good average land, the bottom part being better than average and the upland about an average; that the upland was not cultivated in 1904; that there was about 42 acres of it, the balance in cultivation being in the bottom; that at the time of his marriage there were no improvements on said premises except a three-wire fence with posts sixteen and one-half feet apart; that there had been an old dugout and a well put on the premises in 1904, but the dugout had fallen down and the well caved in. This evidence should have been excluded. *Fish v. Bloodworth,* 36 Okla. 586, 129 Pac. 32. The record discloses a sharp conflict in the evidence on the part of plaintiffs and defendant as to the number of acres in cultivation during the years 1904, 1905, 1906, and 1907, especially between the evidence of the defendant himself and the witnesses for the plaintiffs, to wit, the husband and one Adams. Counsel for defendants in error insists that, if the evidence of the husband be inadmissible, yet it is not prejudicial error, as there was other evidence on the part of the plaintiffs tending to prove the same state of facts. When a case is tried to a jury and the evidence is conflicting, we do not understand that such admission of incompetent evidence operates as harmless error because other evidence which was competent

was introduced by plaintiff to the same effect, for it may be that the evidence of the husband turned the scale of preponderance in favor of the wife. Under this record, we are forced to reverse this case on account of the admission of the evidence of the husband.

3. This cause of action having arisen in the Indian Territory, under the laws in force there prior to the erection of the state, such laws apply here. *Hocker v. Johnson, post,* 131 Pac. 1094.

Sections 3465 and 3477, Mansf. Dig. of Ark. (sections 2361 and 2373, Ind. Ter. Ann. St. 1899), are construed in *Rhea et al. v. Bagley,* 63 Ark. 374, 38 S. W. 1039, 36 L. R. A. 86, and held not to abrogate the common-law rule requiring a father to account for the rents and profits of property which he has given his minor children by way of advancement, and of which he retains possession during their minority. For improvements made upon said allotment by the father as the natural guardian, he was entitled to reimbursements out of the rents and profits. *Muskogee Development Co. et al. v. Green et al.,* 22 Okla. 237, 97 Pac. 619; *Grissom et al. v. Beidleman et al.,* 35 Okla. 343, 129 Pac. 853. The instruction covering also expenditures for education and maintenance was properly refused. This duty rested upon the father. *School Board Dist. No. 18, Garvin County, et al. v. Thompson et al.,* 24 Okla. 1, 103 Pac. 578, 24 L. R. A. (N. S.) 221, 138 Am. St. Rep. 861, 19 Ann. Cas. 1188; *Jordan v. Wright,* 45 Ark. 237; *Holt v. Holt,* 42 Ark. 495.

This being an action brought in the courts of this state after its erection in which the rights of the parties are controlled by the statutes of Arkansas, as the same appear in certain chapters of Mansfield's Digest, extended in force in the Indian Territory by acts of Congress, the question arises as to whether the courts of this state take judicial knowledge of such statutes or laws then in force in the Indian Ter-

ritory. All laws in force in the Indian Territory relating to "existing rights, actions, suits, proceedings, contracts, or claims" (section 365, Williams' Ann. Const.) were continued in force after the erection of the state as if no change had taken place for the purpose of preserving such rights. The courts of this state take judicial notice of such laws. *Ex parte Curlee,* 20 Okla. 192, 95 Pac. 414; *Ex parte Buchanen,* 20 Okla. 831, 94 Pac. 943; *Scott v. Jacobs,* 31 Okla. 109, 126 Pac. 780; *Barnes v. America Soda Fountain Co.,* 32 Okla. 81, 121 Pac. 250. See also *United States v. Turner,* 11 How. 663, 13 L. Ed. 857; *Bouldin v. Phelps* (C. C.) 30 Fed. 555; *Malpica v. McKown,* 1 La. 248, 20 Am. Dec. 279; *Crandall v. Sterling Gold Min. Co.,* 1 Colo. 108; *Henthorn v. Doe,* 1 Blackf. (Ind.) 157; *Cox v. Morrow,* 14 Ark. 610; *Chouteau v. Pierre,* 9 Mo. 1; *Ott v. Soulard,* 9 Mo. 605; *Doe v. Eslava,* 11 Ala. 1028; *Holley v. Holley,* Litt. Sel. Cas. (Ky.) 505, 12 Am. Dec. 342; *Apollos et al. v. Staniforth,* 3 Tex. Civ. App. 502, 22 S. W. 1060; *Belt v. G., C. & S. F. Ry Co.,* 4 Tex. Civ. App. 231, 22 S. W. 1062; *Flanigen v. Washington Ins. Co,* 7 Pa. 306; *Greenville National Bank v. Evans-Snider-Buell Co.,* 9 Okla. 353, 60 Pac. 249; *Schlotterbeck v. Schwinn et al.,* 23 Okla. 681, 103 Pac. 854.

The judgment of the lower court is reversed, and the cause remanded, with instructions to grant a new trial and proceed in accordance with this opinion.

All the Justices concur.