SAMUEL W. HAYES, CHIEF JUSTICE.
MATTHEW J. KANE, VICE CHIEF JUSTICE.
R. L. WILLIAMS,
JESSE J. DUNN,      } JUSTICES.
JOHN B. TURNER,

## CARROLL v. DURANT NAT. BANK.

No. 467. Opinion Filed June 10, 1913.

(133 Pac. 179.)

INFANTS—Contracts—Statutes—Ratification—Law Governing—Pleading Statute. Syllabus same as in Barnes v. American Soda Fountain Co., 32 Okla. 81, 121 Pac. 250.

(Syllabus by the Court.)

*Error from County Court, Marshall County;*
*J. W. Walker, Judge.*

Action by the Durant National Bank against J. H. Carroll. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*F. E. Kennamer* and *Chas. A. Coakley,* for plaintiff in error.
*Slough & Minter,* for defendant in error.

KANE, J.   This is an appeal from a judgment rendered by the county court of Marshall county.   The action was commenced ·by the Durant National Bank, defendant in error, plaintiff below, against J. H. ·Carroll, plaintiff in error, defendant below, to recover upon a certain written instrument. The answer of the defendant was to the effect that the instrument sued upon was executed on the 31st day of May, 1907, in the Indian Territory, and that it fell due upon the 1st day of October, 1907; that at the time of its execution the defendant was a minor, but that he reached his majority on the —————— day of August, 1907; that after attaining full age he did not promise in writing to pay said. note, or any part thereof, nor did he in writing ratify his former action. Wherefore he prays that the plaintiff take nothing by its action and that he have judgment for his costs and. all proper relief.   To this answer the plaintiff filed a general demurrer which was sustained by the court, ˙and, the defendant electing to stand upon his answer, judgment was rendered against him.   To reverse this judgment this proceeding in error was commenced.

Counsel for plaintiff in error contended that by virtue of the schedule to the Constitution the liability of their client must be determined by section 3384, c. 68, Mansf. Dig., in force in the Indian Territory prior to statehood, of which act the courts of the state must take judicial notice.

The same questions arose in *Barnes v. American Soda Fountain Co.,* 32 Okla. 81, 121 Pac. 250, and *Guthrie v. Mitchell, ante,* 132 Pac. 138.   *Barnes v. Soda Fountain Co., supra,* was an action upon a promissory note, executed by a minor in the Indian Territory prior to statehood.   As stated by Robertson, C., who delivered the opinion of the court:

"The only question in this case, as contended by plaintiff in error, requiring consideration, is whether or not an infant's contract, under the facts of the case and the law applicable, is binding, after he reaches his majority, without being ratified or affirmed.   But we think the real question is

whether or not plaintiff in error ratified, in writing, the contract sued on, after he arrived at full age. If he did, then the judgment must be affirmed; if not, then it cannot stand. Plaintiff in error relies upon the provisions of section 3384, c. 68, Mansf. Dig. Ark., which was in force in that part of the state where the notes were executed in March, 1904, which reads as follows: 'No action shall be maintained whereby to charge any person upon any promise made after full age, to pay any debt contracted during infancy, unless such promise or ratification shall be made by some writing and signed by the party charged therewith.' "

Discussing the questions arising out of this situation, the opinion continues:

"The contract sued on was made prior to statehood at Francis, in the Indian Territory; but defendant became of age prior to statehood, and the rights of the parties thereto were fixed by the law in force at that place, at the time of the execution of the contract, which, as has been seen, was chapter 68, Manf. Dig. of Ark. Section 1 of the schedule of the Constitution of the state of Oklahoma provides that: 'No existing rights, actions, suits, proceedings, contracts, or claims shall be affected by the change in the form of government, but all shall continue as if no change in the form of government had taken place,' etc. Hence it was unnecessary for plaintiff in error to plead the statute in the court below in order to obtain its benefits. The question of pleading foreign statutes has no place in the trial of this cause for the reason that the statutes of Arkansas, prior to the adoption of the Constitution, were applicable to the contract sued on, and by virtue of section 1 of the schedule of the Constitution, *supra,* remained in full force so far as said contract was concerned, and controls the case now."

*Guthrie v. Susie Mitchell, supra,* is to the same effect, and, in the opinion prepared by Mr. Justice Williams, the authorities sustaining this view are fully collected.

Upon the authority of that case, the judgment of the court below must be reversed, and the cause remanded, with directions to proceed accordingly.

HAYES, C. J., and DUNN and TURNER, JJ., concur; WILLIAMS, J., disqualified and not participating.