## In re HENRY PRUITT.

### No. A-1853. Opinion Filed February 20, 1915.

Stewart & Cruce, for petitioner.

Chas. West, Atty. Gen., for the State.

PER CURIAM. This is a habeas corpus proceeding instituted in this court by Henry Pruitt, who alleges that he is unlawfully restrained of his liberty by the sheriff of Johnston county, Oklahoma. The petitioner alleges that he is unlawfully held in custody under the following state of facts: That at the June, 1911, term of the district court of Johnston county, Oklahoma, the grand jury of the said county returned a pretended indictment, jointly charging one A. Washmood, J. B. Miller, Henry Pruitt, Clint Pruitt, B. B. Burwell, E. P. Alford, and your petitioner with the crime of murder. A copy of said indictment is attached to and made a part of the application. It is alleged in the first count, that the defendants

"* * * together with divers other evil disposed persons whose names to the grand jurors are unknown on the first day of July, A. D. 1906, within the then southern district of the Indian Territory, and what is now Johnston county in the state of Oklahoma, unlawfully, wickedly, feloniously and with malice aforethought, devising and intending to kill and murder one Ben Collins, feloniously, unlawfully, and with malice aforethought, did conspire, combine, confederate and agree between and among themselves him the said Ben Collins to kill and murder at said time, contrary to," etc.

It is alleged in another count:

"'That said defendants devising, and intending as aforesaid, afterwards, to-wit: on the 1st day of August, A. D. 1906, within the southern district of the Indian Territory, but what is now Johnston county, in the state of Oklahoma, did then and there unlawfully, feloniously, and with malice aforethought, in pursuance of said conspiracy, combination and agreement and in the execution of the said first mentioned premises between and among themselves, as aforesaid, with force and arms in and upon one Ben Collins in the peace of the United States then and there being, feloniously, wilfully and of their malice aforethought, did make an assault with shot guns then and there charged with gunpowder and leaden bullets, which said shotguns they the said defendants, in their hands then and there had and held, then and there feloniously, wilfully and upon the body of the said Ben Collins giving to him the said Ben Collins, a mortal wound of which said mortal wound he the said Ben Collins then and there instantly died, and so the jurors aforesaid, upon their oaths aforesaid, do say that the said defendants, him the said Ben Collins in the manner and form aforesaid, feloniously, wilfully and of their malice aforethought did kill and murder at said time, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the United States of America, and now contrary to the form of the statutes of such cases made and provided and against the peace and dignity of the state.''

It appears by the allegations of the petition that petitioner has been arrested by J. M. Williams, sheriff of Johnston county, Oklahoma, and is now held unlawfully in the custody of said sheriff under a warrant issued upon said pretended indictment.

It is further alleged that the territory embraced in said Johnston county, was, on said last day of August, 1906, a part of the Indian Territory, and under the exclusive jurisdiction of the United States of America, and that the said district court is without jurisdiction to hold or try petitioner for said alleged offense and praying that a writ of habeas corpus issue, and that upon the hearing thereon petitioner be discharged from the arrest and jurisdiction of said district court, and pending said hearing that he be admitted to bail.

Upon the application being presented to this court, and upon representations made that the question of jurisdiction of the state courts in such case was then pending before the Supreme Court of the United States, a writ of habeas corpus was allowed, and the petitioner's bail was filed in the sum of fifteen thousand dollars. There was also filed a waiver signed by the petitioner and his counsel, waiving all right to the production of his body, according to the command of the writ, before this court, and requesting the court to proceed to inquire into the cause of his detention, and give judgment thereon without such production.

It is admitted that prior to statehood, an indictment was returned by the grand jury in the southern district in the Indian Territory, charging the petitioner and his co-defendants with conspiracy to murder, and with the murder of Ben Collins, and that said indictment was pending in said court on the admission of Oklahoma as a state. That said indictment charged the identical offense that is charged in the indictment referred to in the petition. It has been called to the attention of the court that the Supreme Court of the United States has failed to pass upon the question here presented in the case filed therein by petitioner's counsel. Ex parte Janas James, 231 U. S. 744, 58 L. Ed. 463. The Supreme Court of the State of Oklahoma had before it the question here raised in the case of Higgins v. Brown, 20 Okla. 355; 90 Pac. 703, and in that

case it is held that the state courts had jurisdiction to try indictments for murder committed in the Indian Territory before statehood. Baker v. State; 3 Okla. Cr. 265, 105 Pac. 379; Mendenhall v. U. S., 6 Okla. Cr. 436; 119 Pac. 594; and Washmood v. U. S., 6 Okla. Cr. 254; 136 Pac. 184; follow the decision in Higgins v. Brown, supra, and since the decision of the Supreme Court of the United States in the case of Pitket v. U. S., 216 U. S. 456, 54 L. Ed. 566, the Supreme Court of Oklahoma in the case of Coyle v. Smith, 28 Okla. 121, 113 Pac. 944, has held that the Pickett case was not in conflict with the decision in Higgins v. Brown.

The Supreme Court of the United States not having determined the question here presented contrary to the holding of the appellate courts of this state, it is our opinion that the district court of Johnson county has jurisdiction to try the indictment. It follows that the warrant of arrest was properly issued, and that the petitioner was in the legal custody of the respondent. It is, therefore, ordered by the court that the writ of habeas corpus heretofore issued be quashed and the petitioner is remanded to the custody of the sheriff of Johnston county, Oklahoma.