## McLAIN v. McLAIN et al.

No. 9713—Opinion Filed Jan. 4, 1921.

(Syllabus by the Court.)

**1. Appeal and Error—Findings—Conclusiveness—Validity of Deed.**

Where, in an action by a son against his mother to set aside a deed executed to the mother, on the day he reached his majority, on the grounds of undue influence, fraud, and for an inadequate consideration, the trial court found there was no fraud or undue influence and the consideration was adequate, the judgment of the trial court will not be reversed on appeal unless the finding of the trial court is clearly against the weight of the evidence.

**2. Deeds—Action to Cancel—Sufficiency of Evidence.**

The record examined, and held, the finding of the trial court is not clearly against the weight of the evidence.

**3. Trial—Demurrer to Evidence—Action for Rents and Money Received.**

In an action by a son against his father to recover money received by the father belonging to the son during the son's minority, and for rent of land occupied by the father during the son's minority, where the evidence of the plaintiff discloses he is entitled to some relief, it is error for the court to sustain a demurrer to the evidence of the plaintiff.

Error from Superior Court, Muskogee County; H. C. Thurman, Judge.

Action by George W. McLain against Maggie McLain and another to cancel deed and for rents and money received. Judgment for defendants and plaintiff brings error. Affirmed in part and reversed in part.

W. D. Halfhill and Sam V. O'Hare, for plaintiff in error.

W. J. Crump and R. P. deGraffenried, for defendants in error.

McNEILL, J. This action was commenced in the superior court of Muskogee county by George W. McLain against his mother, Maggie McLain, and his father, Jesse McLain, to set aside a certain deed executed by plaintiff to Maggie McLain, his mother, upon the grounds that the same was obtained by fraud, undue influence, and for an inadequate consideration. Thereafter plaintiff filed a separate action against the defendant Jesse McLain, alleging that plaintiff was a member of the Cherokee Tribe of Indians and had received an allotment consisting of 97 acres; that during his minority no guardian was appointed of his property, and the father used and occupied said allotment and also rented the same to other parties, and had further

collected $150 from the Indian Agency belonging to plaintiff and never accounted to plaintiff for the same. The plaintiff prayed judgment for approximately $3,500. An amended petition was filed and the cases were consolidated. Answers were filed, and as to the cause of action to set aside the deed, the defendants answered that the land was purchased for $1,100, and the purchase price had been paid, and it was the full value of the land, and there was no fraud nor undue influence connected with the transaction.

As to the cause of action for rents, the defendant Jesse McLain admitted that he had control of the allotment during plaintiff's minority, but alleged he had improved the same and supported the plaintiff and fed and cared for stock of plaintiff, and the total amount expended for plaintiff was more than the amount of the rents from said land, and denied any indebtedness. The case was tried to the court without a jury. The plaintiff produced his evidence, tending to support the allegations of his petition for the rents of the land, and at the close of plaintiff's evidence a demurrer was interposed to the evidence of plaintiff and the court sustained the demurrer to the evidence offered by plaintiff to support a money judgment for the rents and profits of the land and the money obtained by defendant from the Indian Agent for plaintiff, but overruled the demurrer as to the cause of action that the deed had been obtained by fraud, undue influence, and for inadequate consideration.

Thereafter defendants introduced their testimony, and at the close of the testimony the court rendered judgment against the plaintiff and in favor of the defendants. Motion for new trial was filed and overruled and exceptions saved, and from this judgment plaintiff has appealed.

We will first consider the cause of action regarding whether the deed was obtained by fraud, undue influence, and for an inadequate consideration. The only question for determination as to this cause of action is whether the finding of the court is clearly against the weight of the evidence upon this question. Plaintiff in error contends that the rule by which the court should be guided in determining this question is announced in the case of Toms v. Greenwood, 9 N. Y. Supp 666, as follows:

"The mere relation of parent and child is not sufficient to create a presumption of fraud or undue influence, so as to avoid a transaction of property, or to shift the burden of proof that the transaction was fair and equitable upon the person benefited and if such relation be established and the circumstances proved show that the beneficiary has reaped an undue advantage, or if it appears that the capacity of the person is such that the parties did not deal on terms of equality, then the burden is shifted and the transaction is presumed fraudulent, unless it be affirmatively established that the stronger party practiced no deception and used no undue influence."

Conceding the same to be the correct rule, is the plaintiff entitled to recover upon that theory? The evidence upon behalf of the plaintiff was very meager. He testified he knew very little about the land or the value of the same at the time he executed the deed, and admitted that he has not viewed the premises since said time, but testified that the upland was worth $30 an acre and the bottom land worth $75 an acre. In addition to the evidence of the plaintiff, a witness, Mr. Maddox, testified that some time after the sale to Mrs. McLain he had agreed to buy 37½ acres of plaintiff's allotment, together with 100 acres belonging to Mr. and Mrs. McLain, and had contracted to pay $50 an acre, but on account of the suit the contract was not carried out, but as to the value of the 37½ acres selling separately, he stated he did not know what the value was.

The defendants contend that the $1,100 was a fair consideration for the 97 acres of land purchased by Mrs. McLain and there was no fraud or undue influence. They produced evidence that the plaintiff had offered to sell the land to other parties once for $1,000 and to another party he offered to take $1,600, but had made no sale. Also several witnesses testified that the land was worth from $10 to $15 an acre. The evidence disclosed that the mother purchased the land on the date the plaintiff became of age. There was some evidence that plaintiff was not living with his father and mother, but was living separate and apart from them. The mother advised him that if he wanted to sell the land, she would purchase the same and pay whatever any one else would pay. The mother and son went to the bank and he signed the deed, and she paid him $250, and the deed was made out and after the abstract was furnished she paid him $850 more.

The record does not disclose any fraud or undue influence exercised by the mother on this boy on that date. The mother had advised him, when he said he was going to sell the land, that she would pay him as much as any one else would, and there was no evidence that he had been offered any more or that he could obtain any more. If the burden was upon the parents to show there was no undue influence or fraud and that they had paid a fair consideration for

the land, we think they met that burden, although we do not think the facts in the case present a case that should cast the burden of proof upon the mother. As to this finding of the court, we think it is clearly supported by the weight of the evidence.

We will next consider the question of the court sustaining the demurrer to the evidence offered by plaintiff for the rents of the land during the plaintiff's minority and whether the father failed to account to plaintiff for plaintiff's money that had been paid him by the Indian Agency. The plaintiff testified that the father had collected $164.61 from the Indian Agent and had never accounted for the same. The plaintiff further produced Mr. Brooks as a witness, who testified that he had rented a part of the land and was to pay a one-third and a one-fourth of the crop; he did not know whether he made the contract with Mr. McLain or Mrs. McLain, but stated he was under contract to give one-third and one-fourth as rent. Plaintiff offered to prove what became of the same crop, but this question was objected to and the court sustained the objection. We think this was error. The plaintiff then offered to prove by another witness what the reasonable rental value per acre of the land was during the time defendant farmed a part of the land. This offer was denied by the court. We think in this the court committed error.

A case very similar, although it was in the Indian Territory, governed by Mansfield's Digest, was decided by Judge Williams in the case of Guthrie v. Mitchell, 38 Okla. 55, 131 Pac. 138, where the court stated as follows:

"Sections 3465 and 3477, Mansfield's Digest of the Statutes of Arkansas (sections 2361 and 2373, Statutes of the Indian Territory, 1899), are construed in Rhea et al. v. Bagley, 63 Ark. 374, 38 S. W. 1039, 36 L. R. A. 86, and held not to abrogate the common-law rule requiring a father to account for the rents and profits of property which he has given his minor children by way of advancement, and of which he retains possession during their minority. For improvements made upon said allotment by the father as the natural guardian, he was entitled to reimbursements out of the rents and profits. Muskogee Development Co. et al. v. Green et al., 22 Okla. 237, 97 Pac. 619; Grissom et al. v. Beidleman et al., 35 Okla. 343, 129 Pac. 583."

We think the same rule is applicable to the facts in the case at bar.

The evidence is undisputed that the father received $164.61 of plaintiff's money from the Indian Agency. It was therefore error for the court to sustain a demurrer to the evidence offered. The record discloses that the father farmed a portion of the land, and as to that land he would be liable for the reasonable rental value. As to the land rented out, he would be liable for the rent received therefrom. The father would be entitled to offset against this the improvements placed upon the land and the money expended for the use and benefit of the minor.

It is contended, however, that this action should be a suit for an accounting, if plaintiff is entitled to maintain one. We see no merit in this contention. The petition on behalf of the plaintiff sets forth the facts that he had received his allotment, that his father was his natural guardian, had farmed and occupied his allotment, and asked that his father account to him for the rents and the amount he had received from the Indian Agent. The defendant answered, admitting all these facts, but alleged he had improved the place and cared for plaintiff's stock and by reason of said fact he had expended more money on behalf of the plaintiff than the rents amounted to. This proceeding amounted to nothing more than an accounting between the father and son. The court had a right to try the action himself, or to submit it to a referee for an accounting; but after plaintiff had produced his evidence and it disclosed he was entitled to some relief, it was error for the court to sustain a demurrer to the evidence.

For the reasons stated, the judgment is affirmed in so far as it attempts to set aside the deed, but as to the cause of action between plaintiff and the father, which relates to the use and occupation of the land during the minority of the plaintiff and the money received from the Indian Agency, the same is reversed and cause remanded, with instructions to grant the plaintiff a new trial.

HARRISON, V. C. J., and KANE, JOHNSON, HIGGINS, and COLLIER, JJ., concur.