## ABBOTT v. NAIL.

No. 16355—Opinion Filed May 4, 1926.

Rehearing Denied Oct. 19, 1926.

(Syllabus.)

## 1. Witnesses—Competency — Husband and Wife.

Under the third subdivision of section 589, Comp. Stats. 1921, neither the husband nor wife is competent to testify for or against the other, except concerning transactions in which one acted as the agent of the other, or where they are joint parties and have a joint interest in the action.

It is essential not only that they be joint parties, but also that they have a joint interest in the action.

## 2. Landlord and Tenant—Rents—Removal of Crops by Tenant—Attachment.

Under section 7366, Comp. Stats. 1921, a landlord is entitled to an attachment on the crops grown by his tenant whether the rent be payable in money or other things, in case the tenant has within 30 days removed,

or is removing, or intends to remove, his property, or crops, or any part thereof, from the leased premises, and neither the intent of the tenant in removing, nor the distance, nor the place to which the crops or portions thereof, or other property is removed, is material. It is the removal, or the intent to remove, which is the justification for the attachment.

Error from District Court, Bryan County; Porter Newman, Judge.

Action by Headley Abbott against Edward L. Nail. From the judgment, plaintiff brings error. Reversed and remanded.

Chas. P. Abbott, for plaintiff in error.

Phillips & Phillips, for defendant in error.

PHELPS, J. This cause comes here on appeal from the district court of Bryan county, and the parties will be referred to as they appeared in the court below.

Plaintiff, on the 19th day of July, 1924, bought a tract of land from defendant, upon which defendant was residing and upon which he then had growing crops of cotton and corn. Oral agreement was entered into between plaintiff and defendant, by the terms of which defendant was to remain upon the premises until December 1st and care for, complete the cultivation of, and gather the crops for a share thereof. Plaintiff brought suit against the defendant alleging that by the terms of the oral agreement defendant was to have as his portion of the crops one-third of the corn and one-fourth of the cotton, and that plaintiff was to have two-thirds of the corn and three-fourths of the cotton, and further alleged that defendant had sold hay cut from the meadow on the premises; that he had pastured his neighbors' stock upon the premises, for which he had received pay and had collected rents from another tenant on the place, and that defendant was removing and had removed a part of the crops from the premises without paying the rentals due to plaintiff; and attached the crops. Defendant claimed that by the terms of the oral agreement he was to deliver to plaintiff only one-third of the corn and one-fourth of the cotton, himself retaining two-thirds of the corn and three-fourths of the cotton. He admitted that he had sold the hay from the meadow and had pastured stock upon the premises for which he received pay, and admitted collecting rents due on a bale of cotton sold by the other tenant.

The sole question submitted to the jury was, What was the oral agreement between plaintiff and defendant as to the share of the crop each should receive? and upon that question the jury returned a verdict in favor of the defendant, upon which verdict the court rendered its judgment, finding that the plaintiff was entitled to a one-third interest in the corn crop and a one-fourth interest in the cotton crop; and further found that defendant wrongfully sold the hay from the meadow land, for which plaintiff was entitled to a judgment for $57.50, and was further entitled to a judgment for $28 for money received by defendant for pasturage, and $26.17 for the amount collected as rentals on the bale of cotton sold, and further found that the defendant had sold the landlord's share of the cottonseed from the bale of cotton sold by the tenant and that plaintiff was entitled to a judgment for $1.84 on that item, and rendered judgment in favor of plaintiff for one-third of the corn and one-fourth of the cotton raised on the premises, and for the above named items, and also rendered judgment dissolving and setting aside the writ of attachment, from which judgment the plaintiff prosecutes this appeal.

At the time the sale was made a warranty deed was executed and delivered, which deed contained no reservations whatever, and, therefore, whatever rights defendant had in the growing crops were acquired by virtue of the oral agreement between plaintiff and defendant, which oral agreement clearly established the relation of landlord and tenant between them.

For reversal of the judgment, plaintiff particularly urges two assignments of error: First, that the court improperly permitted the wife of the defendant to testify; and, second, that the court committed error in dissolving and setting aside the attachment. An examination of the record convinces us that both assignments of error are well taken.

The third subdivision of section 589, Comp. Stats. 1921, provides that neither husband nor wife may testify for or against each other—

"except concerning transactions in which one acted as the agent of the other, or when they are joint parties and have a joint interest in the action. * * *"

In the case at bar the wife of defendant was not a party to the action, nor is any claim made that she at any time acted as agent for her husband, but counsel for defendant attempt to justify their action in placing her upon the witness stand upon

the ground that she had an interest in the subject-matter of the action, but it developes that the only interest she had was the interest ordinarily possessed by a wife in the crops grown by the husband. The testimony shows that while the husband was cultivating the crops she did the housework; it is further shown that she assisted to a limited extent in cultivating and gathering the crops, but there is no claim made that she had any further interest thereto, neither was she a party to the action.

In Guthrie v. Mitchell, 38 Okla. 55, 132 Pac. 138, in the second paragraph of the syllabus this court said:

"The husband or wife is competent to testify for or against the other 'when they are joint parties and have a joint interest in the action.' It is essential not only that they be joint parties, but also that they have a joint interest in the action."

This section of the statute has been before this court so o.ten until further citation of authorities is unnecessary. Clearly, under the facts disclosed by the record in this case, the wife was incompetent to testify in the case.

It is further urged that the court committed error in dissolving the attachment. Section 7366, Comp. Stats. 1921, provides that:

"When any person who shall be liable to pay rent (whether the same be due or not, if it be due within one year thereafter, and whether the same be payable in money or other things) intends to remove, or is removing, or has within 30 days, removed, his property, or his crops, or any part thereof, from the leased premises, the person to whom the rent is owing may commence an action, and upon making an affidavit stating the amount of rent for which such person is liable, and one or more of the above facts, and executing an undertaking as in other cases, an attachment shall issue in the same manner and with the like effect as is provided by law in other actions."

In construing this section of the statute, which was originally section 4101, Comp. Laws 1909, this court, in Turner v. Wilcox, 32 Okla. 56, 121 Pac. 658, in the second paragraph of the syllabus, said:

"A landlord is entitled to an attachment on the crops grown by his tenant whether the rent be payable in money or other things, in case the tenant has within 30 days removed, or is removing, or intends to remove, his property, or crops, or any part thereof, from the leased premises, and neither the intent of the tenant in removing, nor the distance, nor the place to which the crops or portions thereof, or other prop-

erty is removed, is material. It is the removal, or the intent to remove, which is the justification for the attachment."

In the case at bar it was admitted by defendant that he had sold the landlord's portion of the cottonseed from one bale of cotton; that he had collected the landlord's share of a bale of cotton sold from the premises by another tenant; that he had received compensation for pasturing stock upon the premises and that he had sold the hay from the meadow and had accounted for no portion of the same to the landlord, which, in the light of the opinions of this court construing the above-quoted section of the statute, furnish ample grounds for the attachment, and the court erred in refusing to sustain the same.

The judgment of the lower court is therefore reversed, and the cause remanded, with instructions to grant a new trial.

BRANSON, V. C. J., and MASON, HARRISON, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 40 Cyc. pp. 2354, 2356. (2) 36 C. J. p. 463 §1374.