## Schlotterbeck v. Schwinn *et al.*

### No. 25.   Opinion Filed May 12, 1909.

### (103 Pac. 854.)

**EVIDENCE—Laws of Other State—Presumptions.** Where the question arises as to what laws are in force in another state or territory, and the same are neither pleaded nor proved, it will be presumed that such laws are the same as those of our domicile.

(Syllabus by the Court.)

*Error from District Court, Greer County; C. F. Irwin, Judge.*

Action by C. Schlotterbeck against Adam Schwinn and Maria Schwinn. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*Short & Blair* and *T. P. Clay,* for plaintiff in error.
*Amil H. Japp,* for defendants in error.

Kane, C. J. This was a suit upon a promissory note and to foreclose a mortgage given to secure payment of same, commenced in the district court of Greer county on the 21st day of February, 1907. The petition was in the ordinary form. The answer of the defendants admitted the execution and delivery of the note and mortgage, and by way of defense alleged in substance that the note was usurious and void and in violation of section 4732 and

4735, c. 109, Mansfield's Digest of the Statutes of Arkansas (Ind. T. Ann. St. 1899, §§ 3043, 3046), which it was contended were in force in the Indian Territory at the time the contract was executed. The reply of the plaintiff contained a general denial, and a denial that the contract was usurious, that it was to be performed in the Indian Territory, and that the statutes of Arkansas relative to usury were in force in the Indian Territory at the time the contract was entered into. Upon the issues thus joined the case was tried to the court; the only evidence introduced being the note and mortgage sued upon. The note, omitting the signatures, was in words and figures as follows, to wit:

"$654.00.    Chickasha, I. T., November 3, 1905.    Six months after date, for value received, we or either of us jointly and severally 'promise to pay C. Schlotterbeck, or order, six hundred fifty-four dollars, at the Bank of Commerce, Ind. Ter., with interest from maturity at 12 per cent. per annum until paid. We, the makers, indorsers, assignors, and sureties, severally waive presentment of this note and all defense on the ground of any extension of time for its payment that may be given by its holder or holders to the maker or makers thereof, or to any indorser, guarantor, or surety."

The mortgage was in the ordinary form and covered certain lands situated in Greer county, Okla.

Upon this evidence the court found as facts:

"That the contract, note, and mortgage sued on by plaintiff were made and delivered in Chickasha, Ind. T., and expressly made payable there, and the mortgage given was upon land in Greer county, Okla.; that the note provides for 12 per cent. per annum interest after maturity, all of which is agreed to by both parties in their pleadings."

As conclusions of law the court found:

"That the note sued on by plaintiff herein for $654 is subject to the usury laws made applicable to the Indian Territory by Act. Cong. May 2, 1890, c. 182, § 31, 26 Stat. 94, contained in Mansfield's Digest of the Statutes of Arkansas, published in 1884 (chapter 109, §§ 4732 and 4735), which provides (section 4732) that 'all contracts for a greater rate of interest than 10 per centum per annum shall be void as to the principal and interest,' etc.; and,

further, section 4735 provides: 'All bonds, bills, notes and assurances, conveyances and all other contracts or securities whatever, whereupon or whereby there shall be reserved, taken or secured or agreed to be taken or reserved any greater sum or value for the loan or forbearance of any money, goods, things in action, or any other valuable thing, than is described in this act, shall be void.' That the said note provides for 12 per cent. interest after maturity, therefore void, and the said note and mortgage should be canceled. I therefore find for the defendant."

Upon these findings of fact and conclusions of law judgment was entered in favor of the defendants on the 5th day of November, 1907.

Upon the evidence introduced in the court below there should have been judgment for the plaintiff upon the note and decree foreclosing the mortgage. At the times the note and mortgage were executed and the judgment entered, Indian Territory and the territory of Oklahoma were separate and distinct governmental entities, each having a system of laws and judiciary of its own. The courts of Oklahoma Territory were not bound to take judicial notice of the laws in force in the Indian Territory. Upon the introduction of the note and mortgage, which were not objectionable as being usurious under the laws of the territory of Oklahoma, the presumption arose that the interest laws of the Indian Territory were the same as the interest laws of Oklahoma Territory. Section 847, Wilson's Rev. & Ann. St. 1903, provides, in part, that "the highest rate of interest which it shall be lawful for any person to take, receive, retain, or contract for, in this territory, shall be twelve per cent, per annum, and at the same rate for a shorter time." In *Harn v. Cole*, 20 Okla. 553, 95 Pac. 415, it was held that "where the question arises as to what laws are in force in another state or territory, and the same are neither pleaded nor proved, it will be presumed that such laws are the same as those of our domicile." The same rule is laid down in *Mansur-Tebbetts Implement Company v. Willet,* 10 Okla. 383, 61 Pac. 1066, and *Betz v. Wilson,* 17 Okla. 383, 87 Pac. 844.

It follows, therefore, that the judgment of the court below

must be reversed and remanded, with directions to enter judgment for the plaintiff upon the note, and for costs, and a decree foreclosing the mortgage.

All the Justices concur.