[No. 9083.    Department Two.    December 7, 1910.]

JESSE B. HAWLEY, *Appellant*, v. BONANZA QUEEN MINING COMPANY, *Respondent*, O. L. LEE, *as Receiver etc. et al., Defendants.*[1]

CORPORATIONS—DISSOLUTION—ACTIONS—ABATEMENT AND REVIVAL. An action, whether at law or in equity, against a corporation abates upon the loss, *pendente lite*, of its franchise by having its name stricken from the records of the secretary of state for failure to pay its annual license fee, pursuant to Rem. & Bal. Code, § 3715, and failure to apply for a reinstatement pursuant to Id., § 3715a, where its receiver or trustees are not substituted as parties.

CORPORATIONS—DISSOLUTION—LICENSE FEES—CONSTITUTIONAL LAW —LEGISLATIVE POWER—ENCROACHMENT ON JUDICIARY. Rem. & Bal. Code, § 3715, providing that the names of corporations shall be stricken from the records of the secretary of state, and the corporation dissolved for failure to pay the annual license fees unless reinstated, under § 3715a, is not unconstitutional on the theory that a forfeiture of corporate franchises cannot be decreed except by a court of competent jurisdiction.

SAME—CONTRACT RIGHTS—PARTIES—CREDITORS. Rem. & Bal. Code, §§ 3715 and 3715a, providing for the forfeiture of corporate franchises for the nonpayment of annual license fees violates no contract rights of creditors of the corporation; since they are not parties to the contract between the state and the corporation or its stockholders, and still have a remedy against its assets.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered April 2, 1910, abating an action against a corporation upon suggestion that it had been dissolved.    Affirmed.

*Merrick & Mills,* for appellant.

*Bell & Anderson,* for respondent.

[1]Reported in 111 Pac. 1073.

RUDKIN, C. J.—This action was instituted against the Bonanza Queen Mining Company and others, to foreclose certain liens for labor performed in and about the company's mines. The defendants, other than the mining company, were not served with process and made no appearance in the action. The mining company answered to the merits, but when the case was called for trial its counsel suggested to the court that since the commencement of the action the company's name had been stricken from the records of the office of the secretary of state, pursuant to chapter 140, of the Laws of 1907, page 270 (Rem. & Bal. Code, § 3715), for failure to pay its annual license fee for the period of two years; that it had not applied for reinstatement within the time prescribed by chapter 19 of the Laws of Extraordinary Session of 1909, page 57 (Rem. & Bal. Code, § 3715a); that the time for making such application has expired, and that the corporation was thereby dissolved. This suggestion was accompanied by a certificate from the secretary of state showing the foregoing facts. Upon this suggestion of counsel and the accompanying proofs, judgment was entered abating the action as to the mining company, from which this appeal is prosecuted.

"The complete dissolution of a corporation destroys its capacity to be sued at law because a judgment can no more be rendered against a dead corporation than against a dead man.

"It cannot thereafter be made a party defendant in an action brought by a receiver to set aside a fraudulent conveyance of its assets.

"The necessary effect of the dissolution of a corporation is to abate all actions pending against it at the time of its dissolution, in the absence of a saving statute providing for the continuation of such actions.

"Decisions are sometimes met with which hold in general terms a doctrine opposed to that just stated. Thus according to an early decision in Missouri the expiration of the charter of a corporation does not affect legal proceedings already commenced against it. It is enough to say of such

decisions that unless they can be justified by some local statute they were badly decided.

"It follows that a judgment rendered against a corporation after it has been dissolved is voidable, in the sense that it will be reversed on error, or that the execution of it will be perpetually enjoined.

"Other authoritative courts have gone to the length of holding that a judgment rendered against the corporation after its dissolution, although in an action previously commenced, is not merely erroneous, but absolutely void." 10 Cyc. 131 *et seq.*

In *National Bank v. Colby*, 88 U. S. 609, Mr. Justice Field said:

"With the forfeiture of its rights, privileges, and franchises the corporation was necessarily dissolved, as the decree adjudged. Its existence as a legal entity was thereupon ended; it was then a defunct institution, and judgment could no more be rendered against it in a suit previously commenced than judgment could be rendered against a dead man dying *pendente lite.* This is the rule with respect to all corporations whose chartered existence has come to an end, either by lapse of time or decree of forfeiture, unless, by statute, pending suits be allowed to proceed to judgment notwithstanding such dissolution. The prolongation of the corporate life for this specific purpose as much requires special legislative enactment as does the original creation of the corporation. No such enactment is found in the act of Congress authorizing the creation of National banks and prescribing their powers, nor is there any provision elsewhere that we are aware of which would prevent the dissolution of a corporation from working the abatement of a suit pending against it at the time.

" 'I cannot distinguish,' says Story, in *Greeley v. Smith*, 3 Story 658, 'between the case of a corporation and the case of a private person dying *pendente lite.* In the latter case the suit is abated at law, unless it is capable of being revived by the enactment of some statute, as is the case as to suits pending in the courts of the United States, when, if the right of action survives, the personal representative of the deceased party may appear and prosecute or defend the suit. No such provision exists as to corporations, nor, indeed, could exist without reviving the corporation *pro hac vice*, and,

therefore, any suit pending against it at its death abates by mere operation of law.' "

The appellant contends that this rule does not obtain in equity, but we apprehend that a defendant to proceed against is just as essential in one court as in another, except where the proceedings are strictly *in rem*. In actions to foreclose mortgages or liens on real property the owner of the property is a necessary party defendant, and if he dies during the pendency of the action his heirs or successors in interest must be brought in. The same rule applies of necessity to a defunct corporation. Had the receiver been served in this case, the action might have proceeded to judgment against him, notwithstanding the dissolution of the corporation; or the trustees, in whom title vests upon dissolution, might have been substituted as defendants, but nothing of that kind was done or attempted. The appellant persisted in his right to proceed against the corporation notwithstanding its dissolution, and the court had no alternative but to abate the action.

It is next contended that the acts of 1907 and 1909, *supra*, which provide for the dissolution of corporations failing to pay their annual license fees, or to apply for reinstatement within a limited time, are unconstitutional and void, because a forfeiture of corporate franchises can only be decreed by a court of competent jurisdiction. This position is untenable. A corporation is a mere creature of the law, and the privilege of being and acting as a corporation is contingent upon a compliance with the law. The appellant concedes that it was competent for the legislature to provide for the dissolution of corporations failing to pay their annual license fees, but contends that the forfeiture can only be declared after a hearing in some court of competent jurisdiction. This question was ably reviewed in all its aspects by the supreme court of California in the recent case of *Kaiser Land & Fruit Co. v. Curry*, 155 Cal. 638, 103 Pac. 341, where a similar act of that state was sustained. In any proceeding to enforce the forfeiture already accrued, it would doubtless be competent

for the corporation to show that it was exempt from the provisions of the act imposing the license fee, or that the fee had in fact been paid, but no such question is presented here. On the contrary, the fact of dissolution is asserted in behalf of the corporation itself.

It is further contended that these several acts violate some contract rights of the appellant, but this claim is equally unfounded.

"The repeal of a charter is not an infringement of any constitutional right, where the power has been reserved by the legislature, although the effect of it is, as in other cases, to abate actions against the corporation; since this merely restrains the creditor who is the plaintiff in the action from prosecuting his demand to a judgment at law and thereby obtaining an advantage in the distribution of the assets over other creditors. In common with the others he still participates in the distribution; and hence, the effect of the legislative repeal is not to destroy but merely to change his remedy against the corporation." 10 Cyc. 1273.

To whatever extent a corporate franchise may constitute a contract between the state and the corporation or its stockholders, it has never been held that creditors of the corporation are parties to that contract.

The judgment of the court below is therefore affirmed.

CHADWICK, DUNBAR, CROW, and MORRIS, JJ., concur.