### CLINTON et al. v. COPPEDGE et al.
### No. 607.

District Court, N. D. Oklahoma.
March 22, 1933.

Wallace & Wallace and Wayne H. Lasater, all of Sapulpa, Okl., for complainants.

Sigler & Jackson, of Ardmore, Okl., for T. L. Smith, receiver.

**FRANKLIN E. KENNAMER**, District Judge.

An application for a permanent restraining order brings this case on for hearing. The action was instituted in this court on February 14, 1931, and process was issued and served on one of the defendants, Federal Surety Company, a corporation. Upon default being made by Federal Surety Company, an order was entered directing that the allegations of complainants' bill be taken as confessed, and on August 18, 1932, a decree pro confesso was entered against Federal Surety Company. Thereafter, complainants filed certified copies of the pro confesso judgment in the offices of the clerks of the district courts in several counties in Oklahoma, in which the Federal Surety Company had title to or claimed interest in real property. This was done in pursuance of the statutes of the state of Oklahoma, for the purpose of obtaining liens against the real estate of Federal Surety Company. Pursuant to an order entered herein, a writ of garnishment was issued to one T. L. Smith directing him to appear and disclose all property and moneys in his possession belonging to the Federal Surety Company. Smith appeared and filed an answer in which he alleged that by virtue of a judgment entered in the district court of Carter county, Okl., he was appointed receiver for the Federal Surety Company, and that the properties which he had in his possession were not subject to the orders of this court. The appointment of Smith as receiver was attacked in this court by a pleading filed by complainant. Upon complainant issuing a writ of execution for enforcement of the judgment rendered herein, an action was instituted in the district court of Carter county, Okl., in which an order was issued by the state district court temporarily restraining complainants herein and their attorneys from enforcing the judgment rendered herein.

Thereafter, and on January 17, 1933, complainants filed an application in this court asking that Smith, his agents and attorneys, be restrained from molesting and interfering with the complainants herein in proceeding in executing the writs and orders of this court. A temporary restraining order was issued and notice given, as required, to Smith to appear and show cause why the temporary restraining order should not be made permanent. A hearing was had upon the show cause order, and evidence was presented. By an appropriate pleading respondent Smith has presented an issue that the action herein against the Federal Surety

Company had been abated by reason of a judgment of the district court of Scott county, Iowa, dissolving the Federal Surety Company, an Iowa corporation. He introduced in evidence a certified and authenticated copy of the judgment of the district court of Scott county, Iowa, dissolving the corporation.

Complainants herein contend that the judgment roll, which was received in evidence, shows that there was no service of process upon Federal Surety Company in the action instituted against it in Carter county, Okl., in which the order was made appointing Smith as receiver. They insist that the judgment roll further discloses that there was no property, either real or personal, within the jurisdiction of the district court of Carter county belonging to Federal Surety Company. They therefore contend that the district court of Carter county, Okl., did not acquire jurisdiction of the person or property of Federal Surety Company; that they are entitled to collaterally attack the judgment of the district court of Carter county, Okl., appointing a receiver, and that the appointment was void, and that Smith should be enjoined from interfering with complainants in their efforts to enforce the judgment they obtained in this court.

The respondent insists that the federal court is without power to enjoin him from proceeding in the district court of Carter county, and that such an injunction would be contrary to section 265 of Judicial Code of the United States, section 379, USCA, title 28, wherein it is provided that a writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of the state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy. He further contends that an injunction directed against the parties to proceed in the state court is tantamount to a staying proceeding in the court of the state. It is well established that a federal court cannot grant an injunction to stay proceedings in a state court, except in matters relating to proceedings in bankruptcy, but it is equally well established that federal courts may enjoin parties to actions pending in state courts in proper cases. It has been repeatedly held that in order to maintain the jurisdiction of the federal court, properly invoked, and render its judgment and decrees effectual, proceedings in a state court which would defeat or impair such jurisdiction may be enjoined. Looney v. Eastern Texas Railroad Company, 247 U. S. 214, 221, 38 S. Ct. 460, 62 L. Ed. 1084, 1087; Madisonville Traction Co. v. St.

Bernard Min. Co., 196 U. S. 239, 25 S. Ct. 251, 49 L. Ed. 462; Julian v. Central Trust Company, 193 U. S. 93, 24 S. Ct. 399, 48 L. Ed. 629; French v. Hay, 22 Wall. 250 note, 22 L. Ed. 857. The United States Supreme Court, in Essanay Film Manufacturing Company v. Kane, 258 U. S. 358, 42 S. Ct. 318, 66 L. Ed. 658, states that the effect of the issuance of an injunction by a federal court to render its judgment and decrees effectual is but to enforce the same freedom from interference by state court proceedings, in that the prime object of the cited section of the Judicial Code is to require that federal courts shall not interfere with proceedings in state courts. In the instant case, a judgment has been entered against the Federal Surety Company, which was not appealed from. The purpose of the restraining order obtained by complainants was to prevent interference by the state courts with the enforcement and collection of the judgment entered in this court. Jurisdiction therefore exists for the issuance of the restraining order in this case.

We come next to the question as to the rightful and proper exercise of the jurisdiction to enjoin the parties from further proceeding in the district court of Carter county. A determination of this question involves a consideration of the regularity of the judgment entered against the Federal Surety Company, as well as the propriety of interfering with the parties in their proceedings in the state court. We shall first consider the circumstances surrounding the judgment entered pro confesso against the Federal Surety Company.

The evidence presented shows that the Federal Surety Company was dissolved by the district court of Scott county, Iowa, at the suit of the Attorney General of Iowa; the corporation being domiciled and organized under the laws of the state of Iowa. The decree of dissolution of the corporation was entered prior to the entry of the decree pro confesso in this court. These facts were pleaded by the respondent Smith, but the Iowa laws, under which the Attorney General of that state proceeded, were not set forth in the pleadings. Complainants insist that failure of the respondent to plead the Iowa statutes render a consideration of the Iowa laws improper, and argue that the Oklahoma statutes, governing the dissolution of Oklahoma corporations, are controlling in the instant case. Complainants insist that the laws of another state should be pleaded and proven, or they will be presumed to be the same as this state. Schlotterbeck v. Schwinn, 23 Okl. 681, 103 P. 854; Harn v. Cole, 20 Okl. 553, 95 P. 415; Western Union Telegraph Company v. Crawford, 29 Okl. 143, 116 P. 925, 35 L. R. A. (N. S.) 930. There can be no question but that in the state courts of Oklahoma it is necessary to plead and prove the laws of another state if reliance is based upon them, or the law of such other states will be presumed to be the same as that of Oklahoma. However, this rule does not obtain in the federal courts, as United States courts take notice of the statutes of the several states without their being pleaded. Fourth National Bank v. Francklyn, 120 U. S. 747, 7 S. Ct. 757, 30 L. Ed. 825; Covington Draw Bridge Co. v. Shepherd, 20 How. 227, 15 L. Ed. 896; Owings v. Hull, 9 Pet. 607, 9 L. Ed. 246; Hanley v. Donoghue, 116 U. S. 1, 6 S. Ct. 242, 29 L. Ed. 535; Burntisland Shipbuilding Co. v. Barde Steel Products Corporation (D. C.) 278 F. 552; Barry v. Snowden (C. C.) 106 F. 571.

Chapter 384 of the general statutes of Iowa, Code of 1931 (section 8339 et seq.), make provision for corporations for pecuniary profit. Section 8402 of the above chapter, and section 8964, provide for the dissolution of corporations organized under the laws of Iowa by decree of a court of equity at the suit of the Attorney General. Section 8896 of chapter 404, provides that corporations formed for the purpose of insurance, other than life insurance, shall be governed by the provisions of chapter 384, except as modified. Section 8392 of chapter 384 provides that corporations whose charters expire by limitations or the voluntary act of the stockholders may nevertheless continue to act for the purpose of winding up their affairs. The Federal Surety Company is a corporation organized and existing under the laws of Iowa, and on September 25, 1931, was dissolved by the decree of the district court of Scott county, Iowa, at the suit of the Attorney General. The commissioner of insurance of the state of Iowa was appointed receiver and liquidating officer. Section 8402 provides for the dissolution at the instance of the Attorney General by a court of equity, and confers the power to dissolve corporations upon the district courts of the state of Iowa. Section 8964 directs the district court to exercise the power so conferred in certain cases. Section 8402 of the Code of 1931, has been construed by the Supreme Court of Iowa, in the case of State of Iowa v. Fidelity Loan & Trust Co., 113 Iowa, 439, 85 N. W. 638. The construction of this statute by the highest court in the state of Iowa

constitutes the statutory law of that state. The court held the following:

"From the time of that entry the corporation has been dead, all its agencies ended, its employees, including attorneys, discharged; and it put, without exception or notice of appeal, beyond all future corporate activity.

"The effect was to 'put an end to its existence for all purposes whatsoever, and to destroy every one of its faculties, so that thereafter it can neither make nor take contracts, nor sue nor be sued, and so that all debts to or from it became extinguished, and all actions by and against it abated.' ⸳ * *

"It is only the corporations whose charters expire by limitation or the voluntary act of the stockholders which continue for the purpose of winding up their affairs. Section 1629, Code; State v. Fogerty, 105 Iowa, 36 [74 N. W. 754]. * * * To a corporation dissolution is as final as death to a person. It thereafter can have no interest in the property once by it controlled. * * * That is the subject of administration."

■ It is thus apparent that, under the laws of the state of Iowa, the state whose law created and provided for the corporate existence of the Federal Surety Company, upon the dissolution of the corporation at the suit of the Attorney General, by a decree of the district court of Scott county, all debts to or from the corporation dissolved become extinguished, and all actions by and against it abated. The action pending against the Federal Surety Company in this court was thus abated on the date of the dissolution of the corporation. This occurred prior to the entry of the decree pro confesso, and, had the matter been called to the attention of the court, no judgment would have been entered against it. In several states statutory provisions are made for the continuing of the corporation for the purpose of completing actions pending against it at the time of its dissolution, but, in the absence of such a statutory provision, actions were abated against corporations upon their dissolution under the common law. Upon the dissolution of a corporation it no longer has capacity or power to enter into contracts, to take, hold, or convey property, to sue or be sued, or to exercise any other franchise, function, or power conferred upon it by its charter. The laws of the state of Oklahoma, in making provision for the continuing of the existence of a corporation by providing that the directors at the time of the dissolution become trustees of the creditors and stockholders for the purpose of settling the affairs of the

corporation and to collect and pay debts, as well as to maintain or defend actions in their own names, as trustees, for such corporation dissolved, cannot continue the existence of a corporation created under the laws of another state. It is not within the power of one state to enlarge upon the powers of a corporation existing under the laws of another state; the powers and limitations of each corporation are determined by the charter of such corporation and the statutory laws of the state under which such charters were granted. It has been repeatedly announced by the courts considering this question that a dissolved corporation is a defunct institution, and that a judgment could no more be rendered against it in a suit previously commenced, than a judgment could be rendered against a dead man dying pendente lite. First National Bank of Selma v. Colby, 21 Wall. 609, 22 L. Ed. 687; Mumma v. Potomac Co., 8 Pet. 284, 8 L. Ed. 945; MacRae v. Kansas Piano Co., 69 Kan. 457, 77 P. 94; Combes v. Milwaukee & M. R. Co. (Keyes, Intervener), 89 Wis. 297, 62 N. W. 89, 27 L. R. A. 369, 46 Am. St. Rep. 839. It is well established that the existence of a corporation is based upon the action of the state of its creation, and it cannot be kept alive by any other jurisdiction. Remington v. Samana Bay Co., 140 Mass. 494, 5 N. E. 292; Venable v. Granite Co., 135 Ga. 508, 69 S. E. 822, 32 L. R. A. (N. S.) 446; Ewen v. American Fidelity Co. (C. C. A.) 271 F. 848. See, also, Pendleton v. Russell, 144 U. S. 640, 12 S. Ct. 743, 36 L. Ed. 574; Hawley v. Bonanza Queen Mining Co., 61 Wash. 90, 111 P. 1073; Crossman v. Vivienda Water Co., 150 Cal. 575, 89 P. 335.

■ The dissolution of Federal Surety Company by the district court of Scott county, Iowa, at the instance of the Attorney General, under the laws of Iowa, abated all actions pending against the corporation within that state and elsewhere, and the decree pro confesso was improperly entered in this case.

■ Complainants are not without remedy if assets exist within the state of Oklahoma which belonged to Federal Surety Company prior to its dissolution. Remedies exist for the subjecting of such property to the payment of the debts of the corporation, but complainants cannot pursue their remedy in the proceeding begun herein. The proper proceedings should have been those defined to subject assets of a dissolved corporation to the payment of creditors. The proceedings in this court have been directed against Federal Surety Company as an existing cor-

poration and one authorized to transact business in the state of Oklahoma.

The statutes of the state of Oklahoma make provision for guarantee and surety companies, and define the requirements of such a corporation before engaging in business in Oklahoma. Section 10612, O. S. 1931, provides that every company, before transacting any business in the state of Oklahoma, shall deposit with the insurance commissioner of Oklahoma, a copy of its charter or articles of incorporation, and a sworn statement showing assets and liabilities. A $500,000 paid-up capital in cash, or its equivalent, is necessary, and a good reputation for the prompt and equitable settlement and adjustment of liabilities is necessary before authority may be granted to such company to do business in Oklahoma. Such corporations are also required to make a deposit to cover business transacted in this state, and to make supplemental deposits from time to time and keep a fund so deposited up to the standard required of domestic corporations to do business in Oklahoma, or such a fund may be kept by the state treasurer of the state where said corporation is organized.

Section 10616, O. S. 1931, provides that if any such company neglects or refuses to pay any final judgment or decree rendered against it in Oklahoma, upon any bond or undertaking made or guaranteed by it, for 60 days after the judgment or decree became final, the corporation shall forfeit the right to do business under the Oklahoma laws. A penalty of not less than $500 or more than $5,000, to be recovered by suit in the name of the state of Oklahoma, is provided for in section 10618 of the Oklahoma Statutes, 1931, for failure of any company to comply with the provisions of the Oklahoma Statutes.

Section 10469, O. S. 1931, provides that if the insurance commissioner is of the opinion that any foreign insurance company is in an unsound condition, or has failed to comply with the laws or with the provisions of its charter, or if it has failed to pay any final judgment against it, the insurance commissioner shall revoke or suspend all certificates of authority granted to said foreign corporation or its agents, and shall give notice of such fact, and such corporation is prevented from doing any new business within Oklahoma until its authority to do business is restored by the insurance commissioner.

Section 9778, O. S. 1931, provides for the dissolution of corporations, making provision for the expiration of the time limited by its articles of incorporation, by involuntary dissolution, and by voluntary dissolution. This statutory provision affects domestic corporations, as the state of Oklahoma is without power to dissolve or to continue the existence of a foreign corporation; those powers alone being vested in the state of the creation of such corporation.

Section 9785, O. S. 1931, provides that when a judgment shall be rendered against a corporation decreeing a dissolution, the court has power to restrain the corporation from transacting business and from functioning as a corporation, and to appoint a receiver of its property, and to take an account and make distribution of such property among its creditors. Thus the district courts of Oklahoma are empowered to appoint receivers to take charge of assets of a dissolved corporation.

Section 9788, O. S. 1931, provides that the directors or managers of the affairs of a corporation, at the time of its dissolution, become trustees of the creditors and stockholders of the dissolved corporation, and have full power to collect and pay debts and to divide among stockholders the property which remains after the payment of debts and necessary expenses. They are also given power to maintain or defend actions in their own names, and it is provided that actions shall not abate by reason of such dissolution. This statute only affects Oklahoma corporations.

Section 773, O. S. 1931, in the fifth paragraph thereof, provides that a receiver may be appointed by the Supreme Court, the district or superior courts, or any judge of either, in Oklahoma, when a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights. A dissolution of a foreign corporation by the state of its domicile, or the failure of such foreign corporation to pay any final judgments against it, compels the insurance commissioner of Oklahoma to revoke or suspend the authority of such corporation to do business in Oklahoma. It has thus forfeited its corporate rights within Oklahoma, and the statutes of this state provide for the appointment of a receiver for the property of such a corporation. A receiver may be appointed at the instance of an aggrieved party, a county attorney, or the Attorney General of Oklahoma. In this case the bill of complaint asked the appointment of a receiver, but complainants' pleadings are based upon a theory of the defendant Federal Surety Company being an existing corporation. The bill of

complaint contains no allegations concerning the appointment of a receiver for a dissolved corporation, or a corporation that has forfeited its corporate rights.

The complainants therefore cannot maintain the proceedings begun herein upon such pleadings, especially in view of the fact that the action had abated against Federal Surety Company upon its dissolution in Iowa, which was in advance of the date on which the decree pro confesso was entered.

Complainants attack the jurisdiction of the district court of Carter county, Okl., in appointing a receiver for the Federal Surety Company. It is asserted that no judgment could be entered appointing a receiver for the Federal Surety Company if a judgment could not be entered against such corporation in this court on account of the dissolution. It is contended that if actions pending against the Federal Surety Company abated upon its dissolution, it was likewise defunct, and no action could be instituted against it. Proceedings may be instituted against assets of a dissolved corporation, but we are not here concerned with such questions. There can be no doubt but that district courts of the state of Oklahoma have jurisdiction to appoint receivers, as pointed out above. This court is concerned only with the jurisdiction of the state court, and not the proper exercise thereof. This court is not concerned with the action other than to determine whether the case is of a class over which a state court of equity has jurisdiction. Superior Oil Corporation v. Matlock (C. C. A.) 47 F.(2d) 993. Complainants contend that they may collaterally attack the judgment of the district court of Carter county appointing a receiver, because the same is void, for the reason that the district court of Carter county did not have jurisdiction of the Federal Surety Company, no process having been served upon it, and because it did not have jurisdiction of the subject-matter; there being no property or assets of the Federal Surety Company within Carter county. The order appointing a receiver by a state district court in Oklahoma is an appealable order. Volume 1, Oklahoma Statutes 1931, § 780. However, the Oklahoma statute provides that an aggrieved party may appeal from an order refusing to vacate the appointment of a receiver. Complainants may appeal to the Supreme Court of the state of Oklahoma from an adverse ruling upon their application to vacate the appointment of a receiver. They are afforded an adequate remedy in such cases.

As heretofore stated, it is well established that a federal court may enjoin proceedings in a state court which would defeat or impair the jurisdiction of the federal court properly invoked, but a distinction is made in enjoining the enforcement of a final judgment and of restraining further prosecution of actions pending in state courts.

In other words, the federal courts grant injunctions to prevent enforcement of final judgments in proper cases, but do not grant injunctions to restrain proceedings in an action still pending in a state court. Certainly the case is active and pending so long as the receiver is appointed. It has been held by the United States Supreme Court in Essanay Film Manufacturing Co. v. Kane, supra, that the writ of injunction should not be issued by the federal court to restrain further prosecution of an action still pending in a state court. A distinction is made in enjoining a successful litigant from enforcing a final judgment of the state court held void because procured without due process, and the restraining of further proceedings in an action still pending in a state court. Federal courts should restrain persons from proceeding in state courts only in cases presenting actual necessity therefor; too much care and caution cannot be exercised by federal courts in granting writs of injunction in such cases. There is nothing to prevent complainants herein from presenting the matters complained about, in so far as they pertain to the regularity of the appointment of a receiver, to the state court. Complainants have an adequate remedy in the district court of Carter county, to call to that court's attention the matters which have been drawn to the attention of this court affecting the receivership. This court will assume that the state court will do justice to all, and will correct any errors in the exercise of its jurisdiction, if any there are. Superior Oil Corporation v. Matlock, supra.

The temporary restraining order entered herein should be set aside, and complainants' application for a permanent injunction and receiver should be denied. It is so ordered.