[No. 25484. Department Two. February 13, 1935.]

THE STATE OF WASHINGTON, *on the Relation of The National Surety Company, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Honorable Robert M. Jones, Judge, Respondent.*[1]

*H. E. Foster,* for relator.

*James A. Guie* and *H. D. Moore,* for respondent.

BLAKE, J.—The National Surety Company was organized under the laws of the state of New York. In 1932, in an action pending in the superior court of King county, it, as surety, executed a bond in favor of

[1]Reported in 41 P. (2d) 133.

Columbia Building Company, as obligee. Having obtained judgment against the principal, Columbia Building Company brought an action against National Surety Company on the bond. This action was commenced in October, 1932. The cause was set for trial December 11, 1934. Before trial, counsel for the surety company suggested to the court that National Surety Company had been dissolved by decree of the supreme court of the state of New York, entered May 24, 1934. An authenticated copy of the decree was admitted in evidence. Motion was then made to abate the action. This motion the court denied.

This proceeding was then instituted in this court. The application is by petition, and is entitled: ''Petition and Affidavit for Writ of Certiorari and Prohibition.''

This court, in accord with the weight of authority, has held that pending suits against a corporation abate upon dissolution of the corporation, unless the life of the corporation is prolonged by statute for the purpose of winding up its affairs, with power to sue and be sued. *Hawley v. Bonanza Queen Mining Co.,* 61 Wash. 90, 111 Pac. 1073.

Likewise, in accord with the weight of authority, we have held that whether the life of a corporation has been extended beyond the date of its dissolution is to be determined by the law of its domicile. *Matson v. Kennecott Mines Co.,* 101 Wash. 12, 171 Pac. 1040.

The record made upon the application before us does not indicate the introduction in evidence in the trial court of any statute of the state of New York extending the life of corporations beyond the date of their dissolution for any purpose. So, in considering the application made here, we shall assume that relator became defunct for all purposes on May 24, 1934—the

date the decree of dissolution was entered by the supreme court of the state of New York.

■ This fact assumed, counsel for relator is at once in a dilemma of which, from the character of the application made here, it is apparent he was fully aware. Considered as a petition for a writ of prohibition, the application is an original action in this court, brought by a mere name—nothing having existence or power to sue or be sued. Prohibition, obviously, is unavailable.

■ Treated as a petition for a writ of certiorari, it may be considered as a substitute for the remedy by appeal. It comes, then, as a suggestion of dissolution by counsel who appeared in the lower court on behalf of relator when it was a corporate entity. Respondent challenges counsel's standing to make such suggestion, either in the lower court or here; this upon the ground that, the corporation having been dissolved, the relationship of attorney and client between him and the corporation ceased to exist. We have no doubt, however, of the propriety of counsel making the suggestion of dissolution in the lower court. Nor have we any doubt as to the propriety of his making the suggestion here.

"From the very nature of things, the dissolution or death of a corporation defendant, like the death of a party to a pending action, can only be brought to the attention of the court by some one other than the defunct corporation." *Combes v. Keyes*, 89 Wis. 297 (313), 62 N. W. 89, 46 Am. St. 839, 27 L. R. A. 369.

■ We think, however, the suggestion should be made on appeal, rather than by petition for a writ of certiorari. While the latter remedy may be invoked when the lower court is acting without jurisdiction, it will be invoked only when there is no remedy by appeal or the remedy by appeal is shown to be inade-

quate. *State ex rel. Smith v. Superior Court,* 26 Wash. 278, 66 Pac. 385; *State ex rel. Carrau v. Superior Court,* 30 Wash. 700, 71 Pac. 648; *State ex rel. Young v. Denney,* 34 Wash. 56, 74 Pac. 1021; *State ex rel. Miller v. Superior Court,* 40 Wash. 555, 82 Pac. 877, 2 L. R. A. (N. S.) 395, 111 Am. St. 925. In the case last cited, referring to *State ex rel. Townsend Gas etc. Co. v. Superior Court,* 20 Wash. 502, 55 Pac. 933, Judge Rudkin said:

"The adequacy of the remedy by appeal, or in the ordinary course of law, is there declared to be the true test in all cases, and not the mere question of jurisdiction or lack of jurisdiction."

There are no facts alleged or shown in the instant case which tend to show that the remedy by appeal is not adequate. That was the remedy pursued in the case of *Combes v. Keyes, supra,* the facts of which bear close analogy to the situation presented here. There, the trial court had declined to quash a summons upon the suggestion of dissolution made by a former secretary of the defunct corporation. The supreme court of Wisconsin entertained an appeal by the secretary, and directed the trial court to set aside the service of summons.

Deeming the remedy by appeal adequate, the petition will be denied.

MILLARD, C. J., MAIN, HOLCOMB, and STEINERT, JJ., concur.