[No. 26576. Department Two. March 7; 1938.]

THE COLUMBIA BUILDING COMPANY, *Respondent*, v.
THE NATIONAL SURETY COMPANY *et al.*,
*Appellants.*[1]

*H. E. Foster,* for appellants.

*James A. Guie* and *H. D. Moore,* for respondent.

ROBINSON, J.—This action has been circulating around in the courts for upwards of five years. It has been before this court upon motions and upon application for writs on several previous occasions, and the record shows that some phase of it has at some time

[1]Reported in 76 P. (2d) 1027.

or another been heard by nearly every judge of the superior court of King county. We shall make no attempt to fully state its long and intricate history, but will confine ourselves strictly to those portions of the record which must be considered in order to dispose of the question now before us.

Some years ago, plaintiff instituted a suit against one Yoshida to recover possession of certain premises, and sued out a writ of restitution. Yoshida filed a National Surety Company bond for one thousand dollars to stay execution of the writ. Judgment went against Yoshida, and in October, 1932, plaintiff brought the present action against the surety company to recover the amount of the bond. The surety company entered its appearance and answered the complaint through H. E. Foster, who had represented Yoshida in the unlawful detainer suit. A trial was held before a jury and a verdict returned in favor of the defendant. This verdict was set aside and a new trial granted.

Pending the disposition of the matter, the surety company became insolvent, and on June 1, 1934, the supreme court of New York, the state of the incorporation of the surety company, entered a decree dissolving the corporation, forfeiting its charter and franchise, and transferring title to all of its assets to George S. Van Schaick, as superintendent of insurance of the state of New York. Mr. Foster suggested to the court that the surety company had been dissolved, and moved that the action be abated, which motion the court denied. The defendant then applied to this court for a writ of certiorari to review the action of the court in denying the motion, which application was denied, on the ground that relator had an adequate remedy by appeal. *State ex rel. National Surety Co. v. Superior Court,* 180 Wash. 587, 41 P. (2d) 133.

After the decree of the New York court dissolving

the corporation was· entered, William A. Sullivan, insurance commissioner of this state, was appointed receiver of the assets of the dissolved corporation in this jurisdiction by the superior court of Thurston county. Plaintiff then filed a supplemental complaint making Mr. Sullivan, as such receiver, a party defendant. The supplemental complaint alleged that, in the suit against Yoshida, plaintiff sued out a writ of garnishment against the surety company, which answered that it had in its possession a certificate of deposit for one thousand dollars issued by the First National Bank of Seattle, Washington, which sum had been deposited in that bank to indemnify the surety company against any loss it might sustain by reason of having executed the stay bond. The complaint further alleged that plaintiff had notified Mr. Sullivan, the local receiver, of its claim, and demanded that said certificate of deposit·be delivered into the registry of the court, or, in the alternative, that it be paid the sum of one thousand dollars, the penalty of the bond executed by the surety company, out of the cash proceeds of said certificate of deposit, upon the theory that it constituted a trust fund to pay the penalty of the bond when and if it should become payable.

The defendant surety company and Mr. Sullivan, its local receiver, answered the supplemental complaint, admitting, for the most part, the material allegations thereof, and pleaded an abatement of the action. Plaintiff filed a reply, pleading a statute of the state of New York, which provided that, upon dissolution of a corporation for any cause, its corporate existence should continue for the purpose of paying, satisfying, and discharging existing liabilities, collecting and distributing its assets, and doing all other acts required to wind up its business and affairs.

When the case came on for the second trial, the de-

fendants renewed the plea in abatement, which was denied by the court, on the ground that, under the New York statute, the dissolution of the corporation, pending suits against a corporation, did not abate pending liquidation and distribution of its assets. Thereafter, judgment was entered against the defendants for one thousand dollars, decreeing that the one thousand dollars on deposit with the First National Bank of Seattle was a trust fund for the payment of its claim, and directing the receiver to surrender the certificate of deposit to the plaintiff within ten days after the entry of the judgment or show cause why he could not do so.

Thereupon, Mr. Foster, as counsel for the defendants, gave oral notice of appeal and filed a cost bond on appeal executed by the National Surety Corporation as surety. Respondents filed a motion in this court to dismiss the appeal, on the ground that Mr. Foster was without authority from the defendants to give the notice of appeal or to prosecute the appeal in this court. William A. Sullivan, the receiver of the corporation in this state, joined in the motion. The court referred the matter to the presiding judge of King county, with directions to take testimony and make findings on the issue as to Mr. Foster's authority to represent the defendants and give the notice of appeal. The presiding judge took testimony, which has been returned to this court, and made findings to the effect that Mr. Foster had authority from the defendants to give the notice of appeal.

As Mr. Sullivan, the local receiver, has joined in the motion to dismiss the appeal, thereby indicating his desire to discontinue the litigation, it would seem at first blush that the motion should be granted. However, Mr. Foster came into the action with the knowledge and consent of the general receiver and liqui-

dator, the superintendent of insurance of the state of New York, and has at all times claimed to act under his supervision and direction. Under all the circumstances, we think we should deny the motion to dismiss and decide the case on its merits.

The appellants' sole contention is that the decree of the supreme court of New York dissolving the corporation worked an abatement of the action. We held in *State ex rel. National Surety Co. v. Superior Court*, 180 Wash. 587, 41 P. (2d) 133:

"This court, in accord with the weight of authority, has held that pending suits against a corporation abate upon dissolution of the corporation, unless the life of the corporation is prolonged by statute for the purpose of winding up its affairs, with power to sue and be sued."

The plaintiff, however, pleaded and introduced in evidence a statute of the state of New York, which provides:

"Upon the dissolution of a corporation for any cause and whether voluntary or involuntary, its corporate existence shall continue for the purpose of paying, satisfying and discharging any existing liabilities or obligations, collecting and distributing its assets and doing all other acts required to adjust and wind up its business and affairs, and it may sue and be sued in its corporate name. . . ." 22 McKinney's Consolidated Laws of New York (Sup.), § 29.

We are of the opinion that, under this statute, the action did not abate. *State ex rel. National Surety Co. v. Superior Court, supra; Matson v. Kennecott Mines Co.*, 101 Wash. 12, 171 Pac. 1040; *Sinnott v. Hanan*, 214 N. Y. 454, 108 N. E. 858. Moreover, after the dissolution of the corporation by the decree of the supreme court of New York, the respondents filed a supplemental complaint making William A. Sullivan, receiver of the assets of the corporation in this state,

a party to the suit and continued the suit as against such receiver.

We have no doubt of the authority of the superior court of Thurston county to appoint the insurance commissioner of this state receiver of the local assets and of the right of the plaintiff to continue the suit as against such receiver. *Clark v. Williard,* 294 U. S. 211, 79 L. Ed. 865, 55 S. Ct. 356, 98 A. L. R. 347.

The vexed question as to whether local creditors of a foreign corporation may, by garnishment or attachment issued after the dissolution of the corporation, secure preferences over foreign creditors in a distribution of assets, was not raised and is not involved in this appeal, and upon it we express no opinion.

The judgment appealed from is affirmed.

STEINERT, C. J., BEALS, MILLARD, and GERAGHTY, JJ., concur.